KELLER, Appellant,

v.

DAILEY, Dir., Appellee.

[Cite as *Keller v. Dailey* (1997), 124 Ohio App.3d 298.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE05–658.

Decided Dec. 16, 1997.

*Michael A. Moses,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Robert L. Griffin,* Assistant Attorney General, for appellee.

---

LAZARUS, Judge.

Plaintiff-appellant, Rebecca Keller, appeals from a judgment of the Franklin County Court of Common Pleas dismissing her claims under the Fair Labor Standards Act, Section 201, Title 29, U.S.Code *et seq.,* and the Ohio Minimum

Fair Wage Standards Act, R.C. 4111.03, for lack of subject matter jurisdiction. For the reasons that follow, we affirm in part and reverse in part.

Appellant is employed as a "Sanitarian 4," involved in the inspection of Grade A milk plants and dairy farms pursuant to R.C. Chapter 3701. On September 9, 1996, appellant filed a complaint in the Franklin County Court of Common Pleas, alleging that she and others similarly situated were denied compensation for overtime hours they worked in violation of the overtime provisions of the Fair Labor Standards Act, Section 201, Title 29, U.S.Code *et seq.* ("FLSA"), and the Ohio Minimum Fair Wage Standards Act, R.C. Chapter 4111. Appellant requested a declaratory judgment, a permanent injunction, an accounting of all the compensation to which she is entitled, monetary damages in the form of back pay, liquidated damages equal to her unpaid compensation, attorney fees, and costs.

Appellee Ohio Department of Agriculture filed a motion for judgment on the pleadings on October 4, 1996, asserting that the court of common pleas lacked subject matter jurisdiction over appellant's claims. On October 9, 1996, appellant filed a motion for leave to amend the complaint to add an additional claim under Section 1983, Title 42, U.S.Code and to add as parties Fred Dailey and Earl Helmreich, naming them in their official and individual capacities. The trial court did not rule on the motion to amend the complaint, and on November 18, 1996, the trial court issued a decision granting appellee's motion for judgment on the pleadings on the grounds that the trial court lacked subject matter jurisdiction. Appellant filed a motion for reconsideration. On January 31, 1997, the trial court issued a decision denying the motion for reconsideration and finding that the Court of Claims has exclusive jurisdiction to hear appellant's state and federal claims. On April 15, 1997, a judgment entry was issued dismissing the case for lack of jurisdiction.

Appellant has timely appealed and raises the following assignments of error:

"1.  The common pleas court erred in dismissing appellant's complaint on the grounds that it lacked jurisdiction.

"2.  The common pleas court erred in dismissing appellant's complaint on the ground that the Court of Claims has exclusive jurisdiction over her claims for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. Sec. 216(b).

"3.  The common pleas court erred in dismissing appellant's complaint on the ground that the Court of Claims has exclusive jurisdiction over her claims for unpaid overtime compensation under the Ohio Minimum Fair Wage Standards Act, O.R.C. Sec. 4111.03.

"4.  The common pleas court erred in failing to rule on appellant's motion for leave to amend her complaint to add additional claims and parties."

■ Appellant's first assignment of error is related to both the second and third assignments of error and will be addressed in connection with appellant's state and federal claims. Appellant's second assignment of error pertains to the trial court's determination that the Court of Claims had exclusive jurisdiction over her FLSA claim. The standard of review for a dismissal for want of subject matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaint. *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641, 644–645; *Prosen v. Dimora* (1992), 79 Ohio App.3d 120, 123, 606 N.E.2d 1050, 1052.

The FLSA was enacted in 1938 to require certain employers to pay minimum and overtime wages to their employees and permits recovery of unpaid wages by civil suits. In 1941, the United States Supreme Court unanimously upheld the Act as a valid exercise of Congress's commerce power. *United States v. Darby* (1941), 312 U.S. 100, 115, 61 S.Ct. 451, 457, 85 L.Ed. 609, 617–618. In its original form, the FLSA did not apply to any state or political subdivision of a state, but in 1966 Congress passed amendments expanding the FLSA to cover state-owned schools, hospitals, nursing homes, and mental institutions. Sections 203(d) and 203(s)(4), Title 29, U.S.Code.

In 1974, Congress broadened the definition of "employer" to include a public agency and defined "public agency" to include "the government of a State or political subdivision thereof [or] any agency of * * * a State, or political subdivision of a State." Section 203(x), Title 29, U.S.Code. Following these amendments, federal courts consistently denied state claims of Eleventh Amendment immunity, finding a clear congressional intent to abrogate the state's immunity under the Eleventh Amendment. See *Wilson–Jones v. Caviness* (C.A.6, 1996), 99 F.3d 203, 207 (discussing history).

However, in 1996, the United States Supreme Court decided *Seminole Tribe of Florida v. Florida* (1996), 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252. In *Seminole Tribe,* the court expressly overturned *Pennsylvania v. Union Gas Co.* (1989), 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1, which had held that the Commerce Clause gave Congress the power to abrogate states' immunity under the Eleventh Amendment. The Sixth Circuit Court of Appeals has interpreted *Seminole Tribe* to mean that, although Congress expressly intended to abrogate state immunity in FLSA actions in federal court, Congress did not have the power to do so under the Commerce Clause, the source of Congress's power to enact the FLSA. *Wilson–Jones, supra,* 99 F.3d at 207. Therefore, although individuals could not sue the state under the FLSA in federal court without the state's consent, the *Wilson–Jones* court went on to assert that "state employees may sue in state court for money damages under the FLSA, and a state court would be obligated by the Supremacy Clause to enforce federal law." *Id.* at 211.

Although the Sixth Circuit has interpreted the Supremacy Clause of the United States Constitution, Clause 2, Article VI, as obligating a state court to entertain a state employee's FLSA action in state court, *Wilson–Jones* left open the question of which state court is the appropriate forum.

The Sixth Circuit's pronouncement that state employees may sue state employers in state court under the FLSA appears to be in direct conflict with the Ohio Supreme Court's decision in *Mossman v. Donahey* (1976), 46 Ohio St.2d 1, 75 O.O.2d 1, 346 N.E.2d 305. In *Mossman,* a resident of a state institution for the care of the mentally retarded worked in the kitchen, preparing food, washing dishes, and cleaning for up to twelve and one-half hours a day with two days off a month. He was paid two dollars a month by the state. His action in the Franklin County Court of Common Pleas sought recovery of unpaid wages and compensatory damages against the state and various state officials and employees. The Supreme Court upheld the dismissal of his FLSA claim, stating: "It appears to this court to remain the law under the Eleventh Amendment that a state may not be sued for damages by an individual under federal law, without its consent, and that this principle applies equally to state as well as federal courts." *Id.* at 17, 75 O.O.2d at 10, 346 N.E.2d at 315.

Appellant argues that *Mossman* was wrongly decided, and, based on the Sixth Circuit's decision in *Wilson–Jones,* argues that the state never had sovereign immunity over FLSA actions and, hence, cannot waive something it never had. *Mossman* remains an unreversed decision of the Ohio Supreme Court and might create an irreconcilable conflict, but for the Court of Claims Act.

Prior to enactment of the Court of Claims Act, the state had consented to suits for declaratory and injunctive relief in the courts of common pleas but had not waived its sovereign immunity with respect to claims seeking money damages. In *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St.3d 317, 28 OBR 386, 503 N.E.2d 1025, the Supreme Court of Ohio stated:

"[T]o the extent that any actions were permitted against state commissions, boards or agencies in a court of common pleas *prior* to the enactment of R.C. Chapter 2743, those actions may be maintained against the state in a court of common pleas *subsequent* to the enactment of R.C. Chapter 2743." (Emphasis sic.) *Id.* at 319–320, 28 OBR at 388, 503 N.E.2d at 1028.

The Court of Claims Act, effective January 1, 1975, waived the state's sovereign immunity and established the Court of Claims:

"A major purpose of the Court of Claims Act was to centralize the filing and adjudication of all claims against the state. The Court of Claims was created to become the sole trial-level adjudicator of claims against the state, with the narrow exception that specific types of suits that the state subjected itself [to] prior to

1975 could be tried elsewhere as if the defendant was a private party." *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 87, 18 OBR 122, 124, 480 N.E.2d 82, 84.

■ Appellee argues that, because appellant has asked for monetary damages in the form of unpaid overtime compensation and liquidated damages, the Court of Claims has exclusive jurisdiction. Appellant, however, characterizes her claim for unpaid overtime compensation and liquidated damages under the FLSA, not as an action for monetary damages against the state, but as a claim for specific relief based upon a statute.

■ If appellant's FLSA action is one for declaratory and injunctive relief only, the action may be maintained in the court of common pleas. *Racing Guild, supra,* 28 Ohio St.3d at 320, 28 OBR at 388–389, 503 N.E.2d at 1028–1029. If, however, appellant's action is one for money damages against the state coupled with a request for declaratory and injunctive relief, the appropriate forum is the Court of Claims. *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 18 OBR 122, 480 N.E.2d 82; *Ohio Hosp. Assn. v. Ohio Dept. of Human Serv.* (1991), 62 Ohio St.3d 97, 103, 579 N.E.2d 695, 699–700; *Ohio Edison Co. v. Ohio Dept. of Transp.* (1993), 86 Ohio App.3d 189, 194, 620 N.E.2d 217, 220–221.

As observed by the Ohio Supreme Court, not every action seeking a monetary award from the state is a claim for money damages:

" ' "Damages are given to the plaintiff to *substitute* for a suffered loss, whereas specific remedies 'are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled.' D. Dobbs, Handbook on the Law of Remedies (1973) 135. * * * Thus, while in many instances an award of money is an award of damages, '[o]ccasionally a money award is also a specie remedy.' *Id.* * * *

" ' "In the present case, Maryland is seeking funds to which a statute allegedly entitles it, rather than money in compensation for the losses, whatever they may be, that Maryland will suffer or has suffered by virtue of the withholding of those funds. If the program in this case involved in-kind benefits this would be altogether evident. * * * " '

"We find this distinction applicable to this suit. The reimbursement of monies withheld pursuant to an invalid administrative rule is equitable relief, not money damages, and is consequently not barred by sovereign immunity." *Ohio Hosp. Assn. v. Ohio Dept. of Human Services* (1991), 62 Ohio St.3d 97, 105, 579 N.E.2d 695, 700–701, quoting *Bowen v. Massachusetts* (1988), 487 U.S. 879, 895, 108 S.Ct. 2722, 2732–2733, 101 L.Ed.2d 749, 764–765.

Similarly, in *Ohio Edison Co. v. Ohio Dept. of Transp.* (1993), 86 Ohio App.3d 189, 620 N.E.2d 217, this court held that a claim for compensation to a utility

owner for relocation costs brought pursuant to R.C. 163.53 was a claim for equitable relief based upon the statute as distinguished from a claim for monetary relief against the state:

"Appellant asserts that a claim for equitable relief from the state based upon the statute is distinguishable from a claim for monetary relief against the state. This argument has merit. As observed by the Ohio Supreme Court, damages are provided as a substitute for a particular loss. Conversely, specific remedies represent a particular privilege or entitlement, rather than general substitute compensation. *Ohio Hosp. Assn. v. Ohio Dept. of Human Serv., supra,* 62 Ohio St.3d at 104–105, 579 N.E.2d at 700–701. The distinction between a specific remedy for goods or services and one for an award of money is of no import. *Id.* Thus, a statutory specific remedy is not transformed into a claim for damages simply because the remedy provides for the payment of monies." *Ohio Edison,* 86 Ohio App.3d at 194, 620 N.E.2d at 220–221.

We find the rationale in *Bowen, Ohio Hospital Assn.,* and *Ohio Edison Co.* to be applicable to appellant's claim for unpaid overtime compensation. The FLSA requires certain employers to compensate their employees at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty during one week. Because appellant seeks the very thing to which she is allegedly entitled under the FLSA, the action is one to enforce a right given by a federal statute. Although the remedy sought by appellant is compensation in the form of overtime wages, it is not in the nature of monetary compensation for an injury to her person, property, or reputation but, rather, in the nature of an equitable action for specific relief for recovery of the actual compensation she was allegedly denied by her employer. See *Bowen, supra,* 487 U.S. at 893, 108 S.Ct. at 2732, 101 L.Ed.2d at 763, quoting *Larson v. Domestic & Foreign Commerce Corp.* (1949), 337 U.S. 682, 688, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628, 1635: "Our cases have long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for the reinstatement of an employee with backpay, or for the 'recovery of specific property *or monies,* ejectment from land, or injunction either directing or restraining the defendant officer's actions.'" (Emphasis *sic.*)

If appellant were only seeking her unpaid overtime compensation, she could bring her FLSA claim in the court of common pleas. Appellant, however, has requested liquidated damages in addition to her claim for unpaid overtime compensation. The courts have characterized liquidated damages under the FLSA as a substitute for damages a plaintiff incurs as a result of delay in payment.

The United States Supreme Court has held that "the liquidated damages provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Brooklyn Sav. Bank v. O'Neil* (1945), 324 U.S. 697, 707, 65 S.Ct. 895, 902, 89 L.Ed. 1296, 1309. In *McClanahan v. Mathews* (C.A.6, 1971), 440 F.2d 320, 26 A.L.R. Fed. 598, the Sixth Circuit Court of Appeals characterized an award of liquidated damages or interest on the back wage award as substitute compensation for delay in payment of sums due under the Act:

"While wage earners who are being unlawfully deprived of a minimum wage are borrowing money to sustain themselves, and paying interest, the noncomplying employer, however innocent, is benefitting from his violations, since he has the use of his employee's money. Unless the delinquent employer is required to restore his employee to the position of he would have been in had there been no violation, via an award of liquidated damages or interest on the back pay award, the employer will thereby have been unjustly enriched by his own violation at his employee's expense. Surely Congress did not intend this result, and we will not impose it." *Id.,* 440 F.2d at 326, 26 A.L.R. Fed. at 606.

Prior to the enactment of the Portal–to–Portal Act of 1947, an employer was, without exception, liable to his employees for liquidated damages equal to, and in addition to, any overtime wages withheld in violation of the FLSA. *McClanahan, supra,* 440 F.2d at 322, 26 A.L.R. Fed. at 600. Under the FLSA:

"Any employer who violates the provisions of section 206 or section 207 of this title [the minimum wage and maximum hour provisions] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Section 216(b), Title 29, U.S.Code.

Section 11 of the Portal–to–Portal Act permitted the court, in its sound discretion, to award a lesser amount of liquidated damages or no liquidated damages at all if the employer could establish that his violation was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA. Section 260, Title 29, U.S.Code; *McClanahan, supra,* 440 F.2d at 320, 26 A.L.R. Fed. at 600–601.

In providing for an award of liquidated damages, we believe that it was the intent of Congress to permit the trial court in its discretion to fashion a remedy designed to provide a substitute for a particular loss, *i.e.,* delay in payment of overtime wages. Thus, an award of liquidated damages under the FLSA is more properly characterized as money damages. Conversely, the specific remedy of an award of unpaid overtime compensation, although in the form of a monetary award, represents a particular entitlement, rather than general substitute com-

pensation. Because appellant has requested liquidated damages, appellant's action is properly characterized as one for money damages against the state coupled with a request for declaratory and injunctive relief and, therefore, the appropriate forum for her FLSA action is the Court of Claims. The second assignment of error is therefore not well taken.

Appellant's third assignment of error concerns the trial court's determination that it was without subject matter jurisdiction to hear her state overtime wage claim and that the Court of Claims had exclusive jurisdiction over the state law claim. Appellant argues that, because R.C. 4111.03 was enacted in 1974 prior to the Court of Claims Act, she can maintain her state law action in the court of common pleas. We agree.

As discussed above, R.C. 2743.02(A)(1) provides, in part:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *. To the extent that the state had previously consented to be sued, this chapter has no applicability."

Therefore, if by some prior statutory provision the state has consented to be sued, the Court of Claims is without jurisdiction. *Nacelle Land Mgt. Corp. v. Ohio Dept. of Natural Resources* (1989), 65 Ohio App.3d 481, 584 N.E.2d 790.

Before promulgation of the Court of Claims Act, the legislature enacted R.C. Chapter 4111, which requires employers to pay overtime compensation at a specific rate to individuals who work in excess of forty hours a week. R.C. 4111.03. Included in the definition of "employer" is the state of Ohio and its instrumentalities. R.C. 4111.01(C). R.C. 4111.10(A) permits an aggrieved employee to bring a court action to recover wages, costs, and attorney fees.

Appellee asserts that the state's waiver of sovereign immunity prior to the Court of Claims Act does not dispose of the issue because no matter when the cause of action was created, the Court of Claims has exclusive original jurisdiction in all civil suits for money damages even where ancillary relief such as an injunction or declaratory judgment is sought. Appellee cites *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24, 577 N.E.2d 650, in support of this proposition.

We find *Manning* inapposite to this case. *Manning* was a Title VII action under federal law, and historically the state had taken the position that the federal courts had exclusive subject matter jurisdiction over such claims. Prior to *Manning,* the Ohio Supreme Court had held that "[s]tate courts have no subject-matter jurisdiction of an action brought pursuant to a claimed violation of the federal Equal Employment Opportunity Act, which provides for exclusive

jurisdiction in the courts of the United States." *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 2 O.O.3d 408, 358 N.E.2d 536, syllabus.

As a result of the United States Supreme Court decision in *Yellow Freight Sys., Inc. v. Donnelly* (1990), 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834, the Ohio Supreme Court expressly overruled *Fox* and acknowledged that state courts have concurrent jurisdiction with federal courts in Title VII actions. *Manning* at paragraph one of the syllabus. The court went on to hold that the Court of Claims has exclusive, original subject matter jurisdiction over a Title VII action seeking money damages against a state employer. *Id.* at paragraph two of the syllabus.

In this case, appellant has brought a state claim against a state employer in state court pursuant to a statute enacted before the Court of Claims Act in which the state had previously consented to be sued. Therefore, the Court of Claims is without jurisdiction over appellant's state law claim, and the court of common pleas is the appropriate forum. The third assignment of error is therefore well taken.

In her fourth assignment of error, appellant asserts that it was error for the trial court to fail to rule on her motion for leave to amend her complaint. On remand, this motion remains for the trial court's consideration, and, accordingly, the issue is not ripe for review. The fourth assignment of error is therefore rendered moot.

Finally, based on the record before us, we express no opinion on appellee's submission of supplemental authority claiming that Keller's state wage claim is superseded by a collective bargaining agreement. The matter was not before the trial court on appellee's motion for judgment on the pleadings, and it appears to raise issues outside the record that are more appropriately addressed in a summary judgment setting.

Based on·the foregoing, appellant may pursue her state wage claims in the court of common pleas, but the Court of Claims has subject matter jurisdiction over her FLSA claim. The first and third assignments of error are sustained, the second assignment of error is overruled, and the fourth assignment of error is moot. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court with instructions.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded with instructions.*

DESHLER and PEGGY BRYANT, JJ., concur.