WILSON–JONES et al., Appellants,

v.

CAVINESS, Chairman, et al., Appellees.

NULL, Appellant,

v.

OHIO DEPARTMENT OF MENTAL RETARDATION AND
DEVELOPMENTAL DISABILITIES et al., Appellees.

[Cite as *Wilson–Jones v. Caviness* (1998), 129 Ohio App.3d 20.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 97APE11–1564 and 97APE11–1565.

Decided June 30, 1998.

**22**

*Michael A. Moses,* for appellants.

*Betty D. Montgomery,* Attorney General, *Robert L. Griffin, Jack W. Decker* and *Kevin L. Murch,* Assistant Attorneys General, for appellees.

---

TYACK, Judge.

On May 1, 1997, Robin M. Wilson–Jones and thirty-six other current and former employees of the Ohio Civil Rights Commission ("commission") filed a complaint in the Franklin County Court of Common Pleas against Rev. Theophilus Caviness, chairman of the commission, and various other individually named directors and members of the commission (hereinafter collectively referred to as "commission defendants"). The Wilson–Jones plaintiffs alleged they were denied overtime compensation in violation of the Fair Labor Standards Act, Section 201 et seq., Title 29, U.S.Code ("FLSA"), and the Ohio Minimum Fair Wage Standards Act, R.C. Chapter 4111. The Wilson–Jones plaintiffs sought declaratory and injunctive relief as well as relief in the form of back pay and liquidated damages equal to their unpaid compensation.

On June 9, 1997, the commission defendants filed a Civ.R. 12(B)(6) motion to dismiss, contending that the trial court was without subject-matter jurisdiction and that the Court of Claims had exclusive jurisdiction over the claims. The Wilson–Jones plaintiffs filed a memorandum contra, and the commission defendants replied. On October 10, 1997, the trial court rendered its decision, finding that the Court of Claims had jurisdiction and granting the commission defendants' motion to dismiss. A final judgment entry was journalized on October 30, 1997.

On July 22, 1997, Anne O'Connell Null filed a complaint against the state of Ohio, Department of Mental Retardation and Developmental Disabilities ("department"), and Jerome Manuel, individually and in his capacity as the director of the department. Null, an employee of the department, alleged that the department violated the FLSA and the Ohio Minimum Fair Wage Standards Act in denying her overtime compensation. Null requested the same forms of relief as the Wilson–Jones plaintiffs.

On August 25, 1997, the department and Manuel filed a motion to dismiss based on lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted. Null filed a memorandum contra, and the department and Manuel replied. On October 28, 1997, the trial court filed a decision and entry, concluding that it lacked subject-matter jurisdiction and granting the department and Manuel's motion to dismiss.

The Wilson–Jones plaintiffs and Null (hereinafter collectively referred to as "appellants") have appealed to this court, and the appeals have been consolidated. Appellants assign the following as error:

"Assignment of Error Number One

"The common pleas court erred in dismissing appellants' complaints on the grounds that it lacked jurisdiction.

"Assignment of Error Number Two

"The common pleas court erred in dismissing appellants' complaints on the ground that the Court of Claims has exclusive jurisdiction over their claims for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. Sec. 216(b).

"Assignment of Error Number Three

"The common pleas court erred in dismissing appellants' complaint on the ground that the Court of Claims has exclusive jurisdiction over their claims for unpaid overtime compensation under the Ohio Minimum Fair Wage Standards Act, O.R.C. Sec. 4111.03."

Appellants' first assignment of error asserts the general contention that the trial courts erred in dismissing the complaints for lack of subject-matter jurisdiction. Appellants' second and third assignments of error address the specific issues as they relate to the statutes involved, the FLSA and the Ohio Minimum Fair Wage Standards Act, respectively. We will address these issues separately.

Appellants contend that they were denied overtime compensation in violation of the FLSA and the Ohio Minimum Fair Wage Standards Act. Appellants are or were employed by state entities and, therefore, filed suit against, in the case of the Wilson–Jones plaintiffs, the chairman, directors and members of the commission and, in the Null case, the department itself and its director. As a general proposition, both the FLSA and the Ohio Minimum Fair Wage Standards Act apply to public agencies. The issue in these cases is which court, the court of common pleas or the Court of Claims, has subject-matter jurisdiction.

The Court of Claims Act, effective January 1, 1975, created the Court of Claims for the purpose of centralizing the filing and adjudication of all claims against the state. *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 87, 18 OBR 122, 123–124, 480 N.E.2d 82, 83–84. The Court of Claims was created to become the sole adjudicator of claims against the state, with the narrow exception that specific types of suits that the state subjected itself to prior to 1975 could be tried in the common pleas courts. *Id.*

The issue of which court has subject-matter jurisdiction over FLSA claims for unpaid overtime compensation by state employees has been decided by this court in *Keller v. Dailey* (1997), 124 Ohio App.3d 298, 706 N.E.2d 28. In *Keller* at 303, 706 N.E.2d at 30–31, this court concluded that if an employee was seeking only his or her unpaid overtime compensation, the employee could bring an FLSA claim in the court of common pleas. However, the appellant in *Keller* had requested liquidated damages as well, and this court concluded that such damages were properly characterized as money damages. *Id.* at 304–305, 706 N.E.2d at 31–32. Because liquidated or money damages were requested, the appropriate forum was the Court of Claims. *Id.* at 305–306, 706 N.E.2d at 32–33.

Here, appellants requested liquidated damages along with other forms of relief. Based on the analysis in *Keller*, therefore, appellants' FLSA claims must be brought in the Court of Claims. Appellants contend that the *Keller* court erred in holding that liquidated damages equaled money damages. Appellants assert that liquidated damages under the FLSA represent an entitlement, not money damages. We again refer to *Keller*, wherein this court differentiated between liquidated damages (money damages) and the specific remedy of an award of unpaid overtime compensation (an entitlement). *Id.* at 305–306, 706 N.E.2d at 32–33.

This court agrees with the analysis in *Keller* regarding claims brought pursuant to the FLSA by state employees, including the analysis regarding liquidated damages. *Keller* is dispositive of the issues in this case as to appellants' FLSA claims. The courts of common pleas were without subject-matter jurisdiction over appellants' FLSA claims and, therefore, properly dismissed the complaints as to such FLSA claims. Accordingly, appellants' second assignment of error is overruled. Appellants' first assignment of error, as it relates to the trial courts' dismissals of appellants' complaints for lack of subject-matter jurisdiction over the FLSA claims, is also overruled.

In their third assignment of error, appellants contend that the trial courts erred in concluding that they lacked subject-matter jurisdiction over appellants' claims under the Ohio Minimum Fair Wage Standards Act (R.C. Chapter 4111). Appellants cite *Keller*, wherein this court held, 124 Ohio App.3d at 306–307, 706 N.E.2d at 32–34, essentially, that because R.C. 4111.03 was enacted before the Court of Claims Act, the state had previously consented to be sued and, therefore, the court of common pleas was the appropriate forum for a claim under R.C. 4111.03. Again, we agree with the *Keller* analysis on this issue. Appellees concede that *Keller* addressed and decided the same issue of subject-matter jurisdiction also involved here. However, appellees contend that dismissal of appellants' state-law claims was nonetheless appropriate based on alternative grounds not addressed in *Keller*.

■ Appellees first assert that dismissal of the state-law claims was appropriate because the state's liability for overtime compensation is found in R.C. 124.18, not R.C. 4111.03, and appellants never alleged violation of R.C. 124.18. Appellees did not raise this issue below and, therefore, this court will not address it. See *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 177, 25 OBR 243, 243–244, 495 N.E.2d 904, 905–906.

■ Appellees next contend the complaints were properly dismissed because appellants' claims are barred by an agreement to arbitrate pursuant to R.C. 4117.10(A). Appellants were all parties to collective bargaining agreements that, according to appellees, provided for binding and final arbitration of grievances, including appellants' claims for unpaid overtime compensation.

This issue was not raised below in the Null case. Appellees did raise this issue below in the Wilson–Jones case; however, it was not raised until after the decision was rendered. In addition, the trial court dismissed the Wilson–Jones complaint on the ground of lack of subject-matter jurisdiction and, therefore, could not have reached the issue. Hence, the trial courts never considered the issue of the impact of the collective bargaining agreements. Based on this, we will not consider the issue at this time. See *Egan, supra.*

■ Appellees' final alternative basis for upholding the trial courts' dismissals is that the individual defendants are immune from liability under R.C. 9.86. We note that the Wilson–Jones complaint names only individual defendants, not a state entity. In the *Null* complaint, both a state entity—the department—and an individual were named as defendants. R.C. 9.86 applies to state officers and employees and states in part:

"Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

R.C. 2743.02(F) states in part:

"A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner *shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised*

*Code and whether the courts of common pleas have jurisdiction over the civil action."* (Emphasis added.)

Here, both trial courts addressed the issue of the individual defendants' immunity, stating that the Court of Claims had exclusive jurisdiction to determine whether the individual defendants were immune from suit under R.C. 9.86. In *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 80, 573 N.E.2d 606, 608–609, the Supreme Court of Ohio held that R.C. 2743.02(F) vests exclusive, original jurisdiction in the Court of Claims to determine whether a state employee was immune from suit, and until that court so determines, the court of common pleas was totally without jurisdiction over the suit against the state employee. See, also, *Gumpl v. Bost* (1992), 81 Ohio App.3d 370, 373–374, 611 N.E.2d 343, 344–346.

Given R.C. 2743.02(F) and the case law cited above, the trial courts were correct in concluding, as to the individual defendants, that they lacked subject-matter jurisdiction and that the Court of Claims had exclusive jurisdiction to first decide whether or not the individual defendants were immune under R.C. 9.86. It is immaterial that the Court of Claims' determination will result either way in the case(s) going back to the court of common pleas. The Court of Claims has exclusive, original jurisdiction to determine whether the employees are immune or if the case will proceed against the state.

In summary, the *Keller* decision is dispositive of the issue involving Null's state-law claim against the department. Prior to the Court of Claims Act, the state had previously consented to be sued under R.C. Chapter 4111. Therefore, Null's suit against the department was improperly dismissed on the basis of lack of subject-matter jurisdiction. Accordingly, the state-law claim against the department in the Null case was properly before the trial court. Hence, appellants' first and third assignments of error as they relate to the trial court's erroneous dismissal of Null's state-law claim against the department are sustained.

However, because the Court of Claims must first determine whether or not the individual defendants in both the Wilson–Jones and Null cases are immune under R.C. 9.86, the trial courts were correct in dismissing the state-law claims against the individual defendants for lack of subject-matter jurisdiction. Accordingly, appellants' first and third assignments of error as they relate to the state-law claims against the individual defendants are overruled.

In summary, the trial court properly dismissed appellants' FLSA claims for lack of subject-matter jurisdiction and, accordingly, appellants' second assignment of error is overruled and the first assignment of error is overruled, in part, as it relates to the FLSA claims. Appellants' first and third assignments of error are sustained as to the state law claims against the department in the Null case,

and the cause in case number 97APE11–1565 will be remanded for further appropriate proceedings. Appellants' first and third assignments of error are overruled as they relate to the state-law claims against the individual defendants. Therefore, the judgment of the Franklin County Court of Common Pleas in the Wilson–Jones case is affirmed. The judgment of the Franklin County Court of Common Pleas in the Null case is affirmed as to the FLSA claims against the department and Manuel; affirmed, in part, as to the state-law claim against Manuel; and reversed, in part, as to the state-law claim against the department, and the cause against the department is remanded for further appropriate proceedings.

*Judgments affirmed in part,*
*reversed in part*
*and cause remanded.*

DESHLER, P.J., and PETREE, J., concur.