OPINION
Appellant, William E. Clark, appeals from a final judgment of the Trumbull County Court of Common Pleas granting judgment on the pleadings and dismissing his complaint. Although we are unable to address the actual merits of appellant's complaint at this time, we affirm the judgment of the trial court.
On June 9, 2000, appellant, an African-American male, filed a complaint against appellees, Greg Alberini, Robert Bossar, David Dreger, and Greg Solarz, alleging unlawful discriminatory employment practices.[1]
According to appellant, appellees, in their capacity as his supervisors with the Ohio Department of Transportation District 4, had discriminated against him on the basis of race with respect to an investigation of his employment application. In addition to compensatory and punitive damages, appellant also requested that the trial court issue an injunction preventing appellees from, among other things, terminating his employment or otherwise retaliating against him, and a declaratory judgment stating that appellees' alleged conduct violated both R.C. Chapter 4112 and the Ohio Constitution.
Appellees filed an answer on July 7, 2000. On August 10, 2000, appellees filed a motion for judgment on the pleadings. In their motion, appellees argued that the trial court did not have jurisdiction over the case until the Court of Claims determined whether they were entitled to immunity. However, in the alternative, appellees submitted that even if the trial court did have jurisdiction, they were entitled to immunity because they did not act with malicious purpose, in bad faith, or in wanton or reckless manner.
Appellant responded by filing a brief in opposition to appellee's motion for judgment on the pleadings. In doing so, appellant maintained that his complaint did not allege any claims that would fall within the jurisdiction of the Court of Claims. Moreover, appellant also argued that R.C. 9.86 did not provide immunity to a state employee sued under R.C. Chapter 4112 for racial discrimination.
After considering the parties' respective arguments, the trial court issued an abbreviated judgment entry on February 9, 2001, granting appellees' motion for judgment on the pleadings and dismissing appellant's complaint. From this judgment, appellant filed a timely notice of appeal with this court. He now argues under his single assignment of error that the trial court erred when it concluded that it did not have jurisdiction over his complaint.
When considering a Civ.R. 12(B)(6) motion to dismiss a complaint, the trial court must determine whether it appears beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts entitling him or her to recovery. State ex rel. Rutledge v. Dept. of Rehab. andCorr. (Mar. 3, 2000), Trumbull App. No. 98-T-0191, unreported, 2000 Ohio App. LEXIS 792, at 6, citing O'Brien v. Univ. Community Tenants Union
(1975), 42 Ohio St.2d 242, syllabus. All factual allegations of the complaint are presumed true and all reasonable inferences are made in the plaintiff's favor. State ex rel. Kaylor v. Bruening (1997),80 Ohio St.3d 142, 144, citing State ex rel. Findlay Publishing Co. v.Schroeder (1996), 76 Ohio St.3d 580, 581. An appellate court's review of a trial court's actions with regard to a motion to dismiss is de novo.Rutledge at 6, citing Mitchell v. Speedy Car X, Inc. (1998),127 Ohio App.3d 229, 231.
Generally speaking, a person wishing to sue the state must file his or her cause of action in the Court of Claims. However, R.C. 2743.02(A)(1) provides:
 "The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40
of the Revised Code, and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability.
 "Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." (Emphasis added.)
 Based on this provision, the Supreme Court of Ohio held in Cooperman v. Univ. Surgical Assoc., Inc. (1987), 32 Ohio St.3d 191, paragraph two of the syllabus, the following:
 "A court of common pleas does not lack jurisdiction over an action against state officers or employees merely because the Court of Claims has not first determined that the act or omission, which is the subject of the action, was manifestly outside the scope of the officer's or employee's office or employment, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner, unless the aggrieved party has filed a suit in the Court of Claims based on the same act or omission. (R.C. 2743.02[A][1], construed and applied.)"
 Certainly, this holding supports appellant's position. However, in direct response to the Supreme Court's decision in Cooperman, the General Assembly enacted R.C. 2743.02(F), which states:
 "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.
 "The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code."
 Although we find no conflict between R.C. 2743.02(A)(1) and 2743.02(F), we note that all statutes relating to the same general subject matter must be read in pari materia. United Tel. Co. of Ohio v. Limbach (1994), 71 Ohio St.3d 369, 372. That is, "[t]his court in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict." Id.
Applying the above principles, we agree with the Supreme Court that "under the unambiguous terms of R.C. 2743.02, the Court of Claims has exclusive, original jurisdiction to determine whether a state employee is entitled to personal immunity under R.C. 9.86." Conley v. Shearer
(1992), 64 Ohio St.3d 284, 287. See, also, State ex rel. Sanquily v.Lucas Cty. Court of Common Pleas (1991), 60 Ohio St.3d 78, 80. R.C. 9.86
provides that:
 "Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
 "This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law. This section does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743. of the Revised Code."
 Here, there is no question that appellees are employees of the state of Ohio. R.C. 109.36(A)(1)(a). Rather, appellant argues that immunity is not an issue because the state has previously consented to be sued for the type of claims raised in his complaint. Thus, he maintains that the Court of Claims is prohibited from exercising jurisdiction in the instant matter by R.C. 2743.02(A)(1), which provides in relevant part that "[t]o the extent that the state has previously consented to be sued, this chapter has no applicability." We disagree.
Simply because the state has consented to be sued for a particular type of claim does not mean that a state officer or employee forfeits the immunity to which he or she may otherwise be entitled. For example, if a state employee was acting within the scope of employment and in furtherance of the state's interests, the state has agreed to accept responsibility for the employee's actions. Conley at 287. See, also, R.C. 9.86 and 2743.02(A). In that event, only the state, and not the individual employee, is subject to suit. Conley at 287.
It must then be determined whether the state has previously consented to be sued for the particular claim at issue. If so, the cause of action may proceed in the court of common pleas against the state. However, if the state has not previously consented to be sued, the litigation must be pursued in the Court of Claims. Id.
On the other hand, if the Court of Claims initially determines that the employee's actions did not further the interests of the state, that is, the employee acted outside the scope of his employment, maliciously, in bad faith, or in a wanton or reckless manner, the state has not agreed to accept responsibility. Accordingly, "the employee is personally answerable for his acts in a court of common pleas[,]" Conley at 287, and the Court of Claims would not have jurisdiction.
When, as here, the plaintiff has decided to forego suing the state itself or has waived any claim he or she may have had against the state, state officers and employees are "still entitled to any immunity from suit that may exist." Id. at 288. As the Supreme Court of Ohio has noted, "[s]uch a rule bars plaintiffs with claims against state officers and employees from waiving claims against the state in the hope of maintaining an action against the officer or employee individually, thereby avoiding the jurisdictional prerequisite of R.C. 2743.02(F)."Conley at 288. Instead, "[o]nly after the Court of Claims determines that a state employee acted outside the scope of his or her employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner may a plaintiff bring an action against the employee in a court of common pleas." (Emphasis added.) Id.
Moreover, the waiver of immunity found in R.C. 2743.02(A)(1) only applies to the "state" as that term is defined in R.C. 2743.01(A), which provides that "`[s]tate' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commission, agencies, institutions, and other instrumentalities of the state of Ohio. * * *" Individual immunity for a state officer or employee is separate and distinct from the immunity enjoyed by the state. Thus, the phrase "[t]o the extent" as used in R.C. 2743.02(A)(1) can only mean that if, indeed, the state has previously consented to be sued, R.C. Chapter 2743 has no applicability to suits against the state. The phrase would not be relevant to the personal immunity for state officers and employees addressed in R.C. 9.86. Wilson-Jones v. Caviness (1998),129 Ohio App.3d 20, 26.
Based on the foregoing analysis, we hold that the Court of Claims has exclusive jurisdiction to determine if a state officer or employee is entitled to immunity under R.C. 9.86, regardless of whether the state has previously consented to be sued for the particular cause of action. In other words, even if a plaintiff were allowed to litigate his or her claims in the common pleas court, the Court of Claims must first decide the immunity issue prior to the common pleas court taking any action in the case.
That being said, at this point in the litigation it would be premature to resolve the question of whether the state has previously consented to be sued for claims alleging racial discrimination under R.C. Chapter 4112 because the Court of Claims has yet to adjudge whether appellees are entitled to immunity for their alleged actions. As a result, appellant's sole assignment of error is not well-taken. The judgment of the trial court is, therefore, affirmed.
JUDGE JUDITH A. CHRISTLEY, O'NEILL, P.J., GRENDELL, J., concur.
[1] We would note that the state of Ohio was never a party to this action.