DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Huron County Court of Common Pleas which granted appellee the state of Ohio's motion to dismiss pro se plaintiff-appellant's "petition" for a declaratory judgment. From that judgment, appellant raises the following assignments of error:
 "1) The trial court erred in dismissing the complaint filed for a declaratory judgment.
 "2) The court erred in not defining the contract in dispute, authorized by that court. And [sic] agreed upon by the State of Ohio, of which, [sic] this appeal is borne [sic].
 "3) The court erred in not declaring the right(s) of the Plaintiff-Appellant, being; [sic]
 "a) His constitutional right of due process, and equal protection.
 "b) His right to have his sentence imposed by said court; diminished by good-time, and earned credit.
 "4) The court erred in not declaring these said right(s). And by doing so; [sic]
 "5) The trial court too, has deprived the Plaintiff-Appellant his constitutional right(s) to due process and equal protection. And, as a result, a GREVIOUS [sic] LOSS OF HIS LIBERTY INTEREST(S) ALSO GUARANTEED IN OUR CONSTITUTION(S) [sic].
 "6) WHEREFORE [sic], The [sic] Huron County Court of Common Pleas, has caused prejudice to Plaintiff-Appellant."
On August 27, 1997, appellant Virgil L. Osborn, II, was convicted and sentenced to an indefinite term of imprisonment of one and one-half to five years for the offense of aggravated assault with a physical harm specification. That offense was committed on June 28, 1996, just two days before the effective date of Senate Bill 2. Subsequently, appellee the Ohio Adult Parole Authority ("APA") conducted a parole board hearing on July 7, 1998, after which it concluded that appellant should serve the remaining term of his sentence because of the serious and permanent injury inflicted on the victim. On November 20, 2000, appellant filed in the Huron County Court of Common Pleas a "PETITION FOR DECLARATORY JUDGMENT" to which was attached a "COMPLAINT PURSUANT TO CIVIL RULE 57, AND O.R.C. 2721.01 THRU 2721.12." Both pleadings named the Ohio Department of Corrections, Orient Correctional Institution and the APA as defendants and sought a determination that the defendants had breached a contract between the state and appellant by requiring him to serve five years of actual incarceration. More specifically, appellant alleged that the sentence imposed upon him was a contract between himself and the state and that through that contract, the court never intended for him to serve five years of actual incarceration unless such was warranted by behavior problems in prison. Appellant then alleged that because the APA based its decision to deny him parole and require him to serve the entire five year sentence on the harm suffered by the victim, rather than on his behavior in prison, the APA had essentially resentenced him. In so doing, appellant alleged the APA denied him the right to good time credit available before the passage of Senate Bill 2. Appellant further alleged that these actions on the part of the state were in violation of his rights to due process and equal protection. In his demand, appellant sought a definition of the "contract" signed by the court, a determination of the proper date for his release from prison and monetary and punitive damages.
Appellees responded to appellant's complaint by filing a motion to dismiss pursuant to Civ.R. 12(B)(6), asserting that appellant failed to state a claim upon which relief could be granted. In particular, appellees asserted that appellant did not have a constitutional right to parole and that appellees had no constitutional obligation to release him before the expiration of his maximum sentence of five years.
On January 18, 2001, the trial court filed a decision and judgment entry granting appellees' motion to dismiss. The court concluded that good time credit for sentences for offenses committed before July 1, 1996 is governed by R.C. 2967.19(A) which only grants good time credit for minimal or definite sentences, not maximum sentences. Although appellant's minimum sentence determined his eligibility for parole, the Parole Board had absolute discretion in determining his release date up to his maximum sentence. Citing the United States Supreme Court case ofJago v. Van Curen (1981), 454 U.S. 14, the court held that the Parole Board's refusal to grant parole did not deprive appellant of a liberty interest. Accordingly, the court concluded that appellant could state no set of facts upon which the court could grant him the relief requested. It is from that judgment that appellant appeals.
Although appellant has raised issues regarding his right to good time credit, for the following reason we find that the present appeal must be dismissed.
In 1975, the Court of Claims Act, R.C. Chapter 2743, was passed which waived the state's immunity from suit and created a court of claims to have exclusive, original jurisdiction over suits permitted by the act. R.C. 2743.03(A). Any actions against the state which the courts had entertained prior to the act, however, can still be maintained outside of the court of claims. R.C. 2743.02(A)(1); Racing Guild of Ohio, Local 304v. State Racing Comm. (1986), 28 Ohio St.3d 317. It is well-settled that prior to the passage of the Court of Claims Act, declaratory judgment actions were permitted against the state. Friedman v. Johnson (1985),18 Ohio St.3d 85, 87. Moreover, R.C. 2743.03(A)(2) provides that "[t]his division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief." (Emphasis added.)
In the present case, appellant has sought monetary damages in addition to a declaratory judgment. Accordingly, the Court of Claims had original, exclusive jurisdiction to hear appellant's case. Friedman v.Johnson, supra at 87. The Huron County Court of Common Pleas should have dismissed the case for lack of subject matter jurisdiction. As such, we too lack jurisdiction to review the merits of appellant's claims.
This case is hereby dismissed at appellant's costs.
 APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.