BUERGER v. OFFICE OF THE PUBLIC DEFENDER OF OHIO, APPELLEE.

(No. 83AP-1144 — Decided March 26, 1984.)

*Karl A. Buerger, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, *Phillip L. Hack* and *Loren L. Braverman,* for appellee.

WHITESIDE, J. Plaintiff-appellant, Karl A. Buerger, appeals from a judgment of the Franklin County Court of Common Pleas sustaining the motion of defendant-appellee, Office of the Public Defender, to dismiss the action for lack of jurisdiction. However, in the decision and judgment entry entered by the trial court, that court discussed the merits of plaintiff's claim, which discussion is the subject of the three assignments of error raised herein by plaintiff.

While sovereign immunity is no longer a viable defense, and the legislature has expressly waived any immunity of the state from liability by R.C. 2743.02(A)(1), that section also provides that any suit against the state involving a claim which previously would have been barred by the doctrine of sovereign immunity must be brought in the Court of Claims created by R.C. 2743.03, which expressly provides that "* * * [t]he court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * *." Such limitation of the court in which suits against the state may be brought is expressly authorized by Section 16, Article I, Ohio Constitution. Accordingly, the Court of Common Pleas of Franklin County has no jurisdiction over a suit against the state involving a claim which previously would have been barred by the doctrine of sovereign immunity.

Plaintiff contends that this should apply only to tort actions and not to contract actions. We find no merit to this contention, the jurisdiction of the Court of Claims extending to all suits against the state as to which sovereign immunity previously attached and is not limited to actions founded in tort but applies to all actions, including actions founded in contract.

Accordingly, the court of common pleas did not err in dismissing plaintiff's action since that court has no jurisdiction over the asserted claims. Any error on the part of the trial court in the discussion referred to, and which is the

subject of the three assignments of error, cannot be prejudicial, since the trial court had no jurisdiction to make a definitive judgment as between the parties with respect to the merits of plaintiff's claim. Thus, even if the trial court erred in some of the comments made during the course of the discussion, as to which we render no determination, no prejudice can result to plaintiff since the common pleas court has no jurisdiction to render any judgment, other than that of dismissal of the cause for want of jurisdiction. Accordingly, none of the assignments of error is well-taken.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and REILLY, J., concur.