FRIEDMAN ET AL., APPELLEES, *v.* JOHNSON, DIRECTOR, ET AL., APPELLANTS.

[Cite as Friedman *v.* Johnson (1985), 18 Ohio St. 3d 85.]

(No. 84-922—Decided July 3, 1985.)

*R. Elise L. Farrell, Louise McKinney* and *Carolyn L. Carter,* for appellees.

*Anthony J. Celebrezze, Jr.,* attorney general, *David E. Northrop* and *Shirley A. Cochran,* for appellants.

*Stege, Delbaum & Hickman Co., L.P.A.,* and *Franklin J. Hickman,* urging affirmance for *amicus curiae* Association for Retarded Citizens.

*Per Curiam.* The issue presented in this appeal is whether the trial court below has subject matter jurisdiction over this case. Since we find that the adjudication of this complaint is within the exclusive, original jurisdiction of the Court of Claims, we must reverse the court of appeals and dismiss the case for want of jurisdiction.

In 1975, the General Assembly enacted R.C. Chapter 2743, known as the Court of Claims Act. As is well-documented, the Act waived the immunity of the state from suit, and created a Court of Claims which was to have exclusive, original jurisdiction over all suits permitted by the Act. See R.C. 2743.02(A)(1) and 2743.03(A). R.C. 2743.02(A)(1) also states, in pertinent part, that "* * * [t]o the extent that the state has previously consented to be sued, this chapter has no applicability."

Thus, the Court of Claims was not to have exclusive, original jurisdiction over claims from which the state was not immune prior to the effective date of the Act. These suits could also be filed in courts that would have jurisdiction had the defendant been a private party. See, *e.g., Burger*

*Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93 [63 O.O.2d 149].

In the present case appellees sought injunctive, declaratory, and other necessary and proper relief. Further, the court of appeals remanded the cause for determination of damages. We must determine whether the court of common pleas has concurrent jurisdiction over this case, or whether the Court of Claims has exclusive subject matter jurisdiction.

To begin, it is beyond dispute that this is a suit against the state. R.C. 2743.01(A) defines "state" as including its "agencies"; DMRDD is a state agency. Although the named defendants are certain DMRDD officials, the conduct in question concerns agency policy. See *Scot Lad Foods* v. *Secy. of State* (1981), 66 Ohio St. 2d 1, 7 [20 O.O.3d 1]; *State, ex rel. Williams,* v. *Glander* (1947), 148 Ohio St. 188, 193 [35 O.O. 192].

It is also clear that had appellees sued solely for declaratory relief the court of common pleas would have jurisdiction. The state had consented to declaratory judgment suits prior to 1975. See, *e.g., Burger Brewing Co., supra; American Life & Accident Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287 [40 O.O. 326]. However, appellees attached a prayer for injunctive relief as well and, further, the cause has been remanded for a determination of *damages.* Standing alone, each of the latter two requests is within the exclusive, original jurisdiction of the Court of Claims.

In *Boggs* v. *State* (1983), 8 Ohio St. 3d 15, 17, this court recently stated with regard to a money damages suit against the state that:

"Inasmuch as this cause of action involves a civil suit for money damages against the state, the Court of Claims has original, exclusive jurisdiction."

As to injunctive relief, in *Brownfield* v. *State* (1980), 63 Ohio St. 2d 282, a case similar to the one at bar, the state was named as a defendant in a common pleas court action for declaratory and injunctive relief. The court stated at 283-284:

"* * * Appellants have not referred this court to any statute, nor has independent research disclosed one, authorizing the maintenance of an injunctive action directly against the state of Ohio in a Court of Common Pleas. We do not believe that the state has consented to such a suit in that forum. For this reason, we hereby dismiss the state of Ohio as a party to this cause." (Footnotes omitted.)

Thus, the state was not made subject to either injunctive or declaratory relief. The court did not expound upon its reasoning for this *"in toto"* dismissal; the opportunity to do so has arisen with this case.

A major purpose of the Court of Claims Act was to centralize the filing and adjudication of all claims against the state. The Court of Claims was created to become the sole trial-level adjudicator of claims against the state, with the narrow exception that specific types of suits that the state subjected itself prior to 1975 could be tried elsewhere as if the defendant was a private party. To permit the court of common pleas to have jurisdic-

tion over claims such as the one herein would contravene this purpose. For example, any party wishing to avoid the Court of Claims, for whatever reason, would simply have to attach a prayer for declaratory relief onto his request for monetary damages or injunctive relief. This type of "forum-shopping" is not what was envisioned when the Court of Claims was established; rather, the exceptions to its exclusive jurisdiction should be strict and narrow.

Accordingly, since the court of common pleas below does not have subject matter jurisdiction, we hereby reverse the judgment of the court of appeals and dismiss the case.

*Judgment reversed*
*and case dismissed.*

CELEBREZZE, C.J., O'NEILL, LOCHER, HOLMES and C. BROWN, JJ., concur.

DOUGLAS and WRIGHT, JJ., concur in judgment only.

O'NEILL, J., of the Seventh Appellate District, sitting for SWEENEY, J.