**OHIO EDISON COMPANY, Appellant,**

v.

**OHIO DEPARTMENT OF TRANSPORTATION et al., Appellees.**

[Cite as *Ohio Edison Co. v. Ohio Dept. of Transp.* (1993), 86 Ohio App.3d 189.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1227.

Decided Feb. 2, 1993.

*Porter, Wright, Morris & Arthur* and *Brian L. Buzby,* for appellant.

*Lee Fisher,* Attorney General, and *Halstead L. Stettler,* Assistant Attorney General, for appellees.

TYACK, Judge.

In 1984, the Ohio Department of Transportation ("ODOT") informed the Ohio Edison Company ("Ohio Edison") of ODOT's plans to begin a highway construction project in Richland County. Due to this endeavor, Ohio Edison was required to remove and relocate certain utility equipment which it had situated near the construction site. Apparently, Ohio Edison was apprised of its right to seek relocation costs from ODOT under R.C. 163.51 *et seq.* and submitted an expense estimate to the agency.

On July 17, 1984, E.E. Lonsway, a local utility supervisor with ODOT, informed Ohio Edison in writing that the estimate "ha[d] been accepted under the date of July 13, 1984." The letter concluded that "[t]his office will accept your [c]ompany's billing for all necessary costs which are properly chargeable to the [s]tate with financing 100% by the [s]tate." Ohio Edison provided ODOT with a statement of costs for $13,032.10 on April 18, 1986. ODOT did not take immediate action on the claim.

On November 26, 1991, Ohio Edison filed an action in the Franklin County Court of Common Pleas. Ohio Edison alleged that ODOT and Jerry Wray, in his capacity as director of ODOT, had refused either to pay the relocation expenses or provide Ohio Edison with a formal hearing. Based upon these allegations, Ohio Edison sought a writ of mandamus, an injunction and declaratory judgment. Implicit in the three claims for relief was the hope that ODOT and Wray would allow Ohio Edison's claim under R.C. 163.51 *et seq.* and award Ohio Edison the $13,032.10 amount.

ODOT and Wray moved to dismiss the complaint for lack of jurisdiction under Civ.R. 12(B). The trial court did not rule on the motion directly, but instead ordered the case transferred to the Ohio Court of Claims. The Court of Claims found the transfer to be improper under R.C. 2743.03(E)(1) and ordered the action remanded to the Franklin County Court of Common Pleas.

Upon remand, the trial court heard the motion to dismiss. The common pleas court concluded that the action was one in which Ohio Edison sought money damages against the state. As a result, the trial court found that the Court of Claims had exclusive jurisdiction over the action. The motion to dismiss was granted and final judgment was entered for ODOT and Wray.

Ohio Edison (hereinafter "appellant") has appealed the judgment of the trial court, raising four errors for our consideration:

"I. Common Pleas Courts have jurisdiction to issue writs of mandamus against the State of Ohio and the trial court erred in dismissing such a claim.

"II. Common Pleas Courts have jurisdiction to issue injunctions against the State of Ohio and the trial court erred in dismissing such a claim.

"III. Common Pleas Courts have jurisdiction to issue declaratory judgments against the State of Ohio and the trial court erred in dismissing such a claim.

"IV. The trial court erred in characterizing this case as a claim for damages against the state within the exclusive jurisdiction of the Court of Claims and dismissing the case on that basis."

The assignments of error are interrelated and, accordingly, shall be addressed together.

The major issue presented is whether the trial court has jurisdiction in this case. We hold that the court of common pleas had jurisdiction to hear appellant's action, since appellant sought specific remedies pursuant to R.C. 163.51 *et seq.* rather than strictly money damages from ODOT.

As a result of the adoption of the Court of Claims Act of 1975, the state has waived its immunity from liability and has consented to be sued, with its liability determined in the Court of Claims. R.C. 2743.02(A)(1). The Court of Claims has original and exclusive jurisdiction over all civil actions permitted against the state under the Court of Claims Act. However, to the extent that the state had previously consented to be sued, the Court of Claims Act is inapplicable. See R.C. 2743.02(A)(1).

■ Claims for money damages against the state are clearly within the exclusive jurisdiction of the Court of Claims. *Boggs v. State* (1983), 8 Ohio St.3d 15, 8 OBR 84, 455 N.E.2d 1286. This applies to actions in contract as well as tort. *Buerger v. Office of Pub. Defender* (1984), 17 Ohio App.3d 29, 17 OBR 82, 477 N.E.2d 1170.

■ Actions in mandamus or for injunctive or declaratory relief were maintainable against the state prior to the adoption of the Court of Claims Act. Therefore, such actions for equitable relief are not affected by the Court of Claims Act and may be brought in the court of common pleas. See, generally,

*Columbus S. Power v. Dept. of Transp.* (1989), 63 Ohio App.3d 612, 617–618, 579 N.E.2d 735, 738–740. However, where a party seeks both money damages and some form of equitable relief against the state, the Court of Claims is the sole forum available. *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 18 OBR 122, 480 N.E.2d 82; *Ohio Hosp. Assn. v. Ohio Dept. of Human Serv.* (1991), 62 Ohio St.3d 97, 103, 579 N.E.2d 695, 699. If such actions could be maintained in the court of common pleas, then any party seeking to evade the jurisdiction of the Court of Claims could do so simply by appending a claim for equitable relief to a request for monetary damages from the state. This would defeat the intent of the Court of Claims Act generally to establish the Court of Claims as the court of exclusive jurisdiction for claims against the state. See *Friedman, supra,* 18 Ohio St.3d at 87–88, 18 OBR at 123–124, 480 N.E.2d at 83–84.

Thus, we must determine whether a claim for relief pursuant to R.C. 163.51 *et seq.* may be maintained as an action for equitable relief, or if such a claim must be brought as an action for money damages. If a claim under R.C. 163.51 *et seq.* may be designated as an action for some form of equitable relief, then jurisdiction may lie in the court of common pleas.

Appellant does not seek damages for a tortious injury, nor does appellant merely seek recovery for a breach of contract. What appellant is seeking is relief compelling ODOT to perform a statutory duty which benefits appellant. In this instance, the pertinent statute, R.C. 163.53, provides that whenever an agency of the state causes the relocation of a utility facility, the agency may compensate the utility owner for relocation costs. Specifically, R.C. 163.53(D)(1) provides as follows:

" * * * [I]f a program or project undertaken by a displacing agency results in the relocation of a utility facility, and the purpose of the program or project was not to relocate or reconstruct any utility facility; and if the owner of the utility facility which is being relocated under such program or project has entered into a franchise or similar agreement with the state or local government on whose property, easement, or right-of-way such facility is located with respect to the use of such property, easement, or right-of-way; and if the relocation of such facility results in such owner incurring an extraordinary cost in connection with such relocation; then the displacing agency may, in accordance with such rules as the head of the lead agency may adopt, provide to such owner a relocation payment which may not exceed the amount of such extraordinary cost, less any increase in the value of the new utility facility above the value of the old utility facility, and less any salvage value derived from the old utility facility." [1]

---

1. Prior to the enactment of this provision in 1989, owners of utility facilities were considered "displaced persons" under R.C. 163.51. Such persons are subject to R.C. 163.53(A), which

Appellant asserts that a claim for equitable relief from the state based upon the statute is distinguishable from a claim for monetary relief against the state. This argument has merit. As observed by the Ohio Supreme Court, damages are provided as a substitute for a particular loss. Conversely, specific remedies represent a particular privilege or entitlement, rather than general substitute compensation. *Ohio Hosp. Assn. v. Ohio Dept. of Human Serv., supra,* 62 Ohio St.3d at 104–105, 579 N.E.2d at 700–701. The distinction between a specific remedy for goods or services and one for an award of money is of no import. *Id.* Thus, a statutory specific remedy is not transformed into a claim for damages simply because the remedy provides for the payment of monies.

In further support of the contention that the common pleas court has jurisdiction over actions for equitable relief commenced under R.C. 163.51 *et seq.,* we note that the relevant statutory provisions have existed for many years and predate the adoption of the Court of Claims Act. The statutory remedy for relocation expenses corresponds with other current and former sections of the Ohio Revised Code concerning eminent domain. As a result, we find that the state had consented to be sued under R.C. 163.51 *et seq.* prior to the creation of the Court of Claims. Thus, the Court of Claims Act is inapplicable to this case.

Having found that actions under R.C. 163.51 *et seq.* are neither within the exclusive jurisdiction of the Court of Claims nor otherwise affected by the Court of Claims Act, we now address other issues which are relevant to appellant's claims. The first concerns exhaustion of administrative remedies.

Typically, decisions of an administrative agency may be contested through an appeal under R.C. 119.12. Writs of mandamus and other forms of equitable relief are considered to be extraordinary remedies which cannot be granted in place of "a plain and adequate remedy in the ordinary course of the law." *Bowling Green State Univ. v. Williamson* (1988), 39 Ohio St.3d 141, 142, 529 N.E.2d 1371, 1373, citing *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631. See, generally, *Schomaeker v. First Natl. Bank* (1981), 66 Ohio St.2d 304, 20 O.O.3d 285, 421 N.E.2d 530, paragraph three of the syllabus. In accord with Ohio Adm.Code 5501:2–5–02(G)(2), ODOT is obliged to "review claims in an expeditious manner." Appellant alleges that, despite repeated prodding over the course of several years, ODOT refused to act upon its application for relief. "When construing a complaint upon a motion to dismiss for failure to state a claim, it is presumed that all factual allegations in the complaint are true * * *." *Tulloh v. Goodyear*

---

mandates that lead agencies provide reasonable compensation to persons who are forced to move from real property appropriated by the state. See *Columbus Southern Power, supra,* for the former application of R.C. 163.53 to a utility company.

*Atomic Corp.* (1992), 62 Ohio St.3d 541, 584 N.E.2d 729, citing *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. Under this construction and the allegations set forth in appellant's complaint, we cannot conclude that appellant has failed to exhaust all available administrative remedies.

▉▉▉ Finally, ODOT, in its motion to dismiss, asserts that appellant's action is barred by the statute of limitations. The trial court did not rule on this issue directly and it was not addressed in the parties' briefs. Nonetheless, we note that an action for statutory relief, whether or not it is brought as an equitable action, must be filed within six years of the accrual of the action. R.C. 2305.07. See, also, *Zion Nursing Home, Inc. v. Creasy* (1983), 6 Ohio St.3d 221, 223, 6 OBR 293, 294, 452 N.E.2d 1272, 1274. In its complaint, appellant asserts that despite its efforts to present and document a claim under R.C. 163.51 *et seq.*, the only action undertaken by ODOT was to issue the July 17, 1984 letter from Lonsway. Appellant alleges that it relied upon the contents of the letter and expected to be compensated for its relocation expenses. Thus, appellant contends that it was not apprised of ODOT's intention to refuse appellant's request for compensation until some later time. Due to the procedural rule set forth in *O'Brien, supra,* we cannot find that appellant's right to present its claims accrued in 1984 and cannot conclude that its complaint, filed on November 26, 1991, was barred by the statute of limitations.

We find that appellant is entitled to maintain its action in the common pleas court. Appellant's assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to the Franklin County Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE and DESHLER, JJ., concur.