ZELENAK, Appellant,

v.

INDUSTRIAL COMMISSION OF OHIO et al., Appellees.

[Cite as *Zelenak v. Indus. Comm.*, 148 Ohio App.3d 589, 2002-Ohio-3887.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–1310.

Decided Aug. 1, 2002.

Dworken & Bernstein Co., L.P.A., and Patrick J. Perotti, for appellant.

Betty D. Montgomery, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellees Industrial Commission of Ohio and Ohio Bureau of Workers' Compensation.

DESHLER, Judge.

{¶ 1}  Plaintiff-appellant, David Zelenak, filed a class action complaint in the Franklin County Court of Common Pleas seeking, on his own behalf and others similarly situated, declaratory and other relief against defendants-appellees, the Industrial Commission of Ohio and Ohio Bureau of Workers' Compensation.

Plaintiffs-appellants (hereinafter "plaintiffs") collectively are former temporary total disability ("TTD") compensation recipients whose TTD benefit payments were terminated after state-hired doctors examined them and opined that each claimant had reached maximum medical improvement ("MMI"). In each case, TTD compensation was discontinued as of the date of the medical examination that yielded the MMI determination, prior to any hearing on the issue of termination of compensation. Defendants either terminated payment of TTD compensation without a hearing or, where payments continued, deemed the payments made after the MMI determination to be overpayments. Subsequently, defendants collected the overpayments by withholding the amounts paid from future compensation payments or by other means.

{¶ 2} On August 5, 1998, the Ohio Supreme Court held, "The appropriate date on which to terminate disputed TTD compensation on the basis of maximum medical improvement is the date of the termination hearing, and the commission may not declare an overpayment for payments received by the claimant before that date." *State ex rel. Russell v. Indus. Comm.* (1998), 82 Ohio St.3d 516, 696 N.E.2d 1069, syllabus. Following the mandate of the *Russell* decision, defendants reimbursed TTD recipients, including plaintiffs, from whom overpayments had been collected or payments withheld.

{¶ 3} Plaintiffs filed their complaint in this case on July 30, 2001, praying for (1) class action certification, (2) a declaration that the conduct of defendants, as alleged in the complaint, entitles them to recovery, (3) "relief and equitable recovery * * * representing interest on * * * [their] disgorged funds from the date of withholding until the date of ultimate payment," and (4) "such other or further relief to which the Court finds * * * [them] entitled." The two claims for relief upon which plaintiffs based their demand for judgment were that defendants wrongfully withheld and converted to their own use funds to which plaintiffs were entitled and, upon reimbursing those funds, did not pay interest (count one); and that defendants, by not making payments of interest, were unjustly enriched (count two).

{¶ 4} Defendants moved, on August 8, 2001, to dismiss the complaint pursuant to Civ.R. 12(B)(1), contending that the trial court lacked subject matter jurisdiction. Defendants asserted that, because plaintiffs sought monetary damages in addition to declaratory relief, exclusive jurisdiction to hear the claims was vested in the Ohio Court of Claims pursuant to the provisions of R.C. Chapter 2743. On September 24, 2001, the trial court rendered a decision granting the motion and directing counsel for defendants to prepare a judgment entry reflecting the court's decision. Although plaintiffs did not respond within rule [1]

---

1. Loc.R. 21.01 of the Franklin County Court of Common Pleas provides: "[O]pposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set

to the motion to dismiss prior to the date of the trial court's decision, they did file, on October 9, 2001, an objection to the proposed judgment entry in which they fully set forth their arguments as to why the court should exercise jurisdiction and deny the motion. Nonetheless, the trial court journalized its judgment dismissing the complaint on October 19, 2001.

{¶ 5} Plaintiffs have timely appealed from that judgment and present a single assignment of error for this court's consideration:

{¶ 6} "The Franklin County Court of Common Pleas erred in dismissing this case for lack of subject matter jurisdiction."

{¶ 7} For the reasons hereinafter discussed, we hold that the trial court does not have subject matter jurisdiction to hear this case on its merits. In rendering this opinion we refrain from considering whether the claims of plaintiffs-appellants ("appellants") on theories of conversion and unjust enrichment are meritorious. See *Swaney v. Ohio Bur. of Workers' Comp.* (1998), Franklin App. No. 98AP–299, 1998 WL 808457, and *Henley Health Care v. Ohio Bur. of Workers' Comp.* (1995), Franklin App. No. 94APE08–1216, 1995 WL 92101. The issue of subject matter jurisdiction is the sole question presented by this appeal.

{¶ 8} The standard for reviewing this dismissal for want of subject matter jurisdiction pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the trial court was raised in the complaint. *Keller v. Dailey* (1997), 124 Ohio App.3d 298, 301, 706 N.E.2d 28. Our review is undertaken de novo, without deference to the conclusion of the trial court. *Estate of Jenkins v. Ohio Bur. of Workers' Comp.*, Cuyahoga App. No. 80445, 2002–Ohio–3268, at ¶ 10, 2002 WL 1396905. We are not limited in our consideration to the allegations of the complaint, but may consider other pertinent matters, if necessary. *Canady v. Indus. Comm.* (2000), Franklin App. No. 99AP–930, 2000 WL 664862, citing *Howard v. Covenant Apostolic Church, Inc.* (1997), 124 Ohio App.3d 24, 27, 705 N.E.2d 385.

{¶ 9} By enacting the Court of Claims Act, R.C. Chapter 2743, the Ohio General Assembly waived the state's immunity and consented to suits against the state "in accordance with the same rules of law applicable to suits between private parties" in cases where the state had not previously consented to be sued. R.C. 2743.02(A)(1). The Court of Claims was created, effective January 1, 1975, as a court of record with "original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02," including "full equity powers in all actions within its jurisdiction." R.C. 2743.03(A)(1).

---

forth on the certificate of service attached to the served copy of the motion. * * * On the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge."

{¶ 10} Appellants rely on the holdings of the Ohio Supreme Court in *Ohio Hosp. Assn. v. Ohio Dept. of Human Services* (1991), 62 Ohio St.3d 97, 579 N.E.2d 695, and of this court in *Henley Health Care*, supra, to argue that their claim for interest on monies collected or withheld from their compensation payments derives from underlying claims that are purely equitable and that, therefore, the trial court had jurisdiction over their action in equity. Appellants base their argument that the trial court has subject matter jurisdiction to hear their claims upon that portion of R.C. 2743.03(A)(2) that provides:

{¶ 11} "This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief."

{¶ 12} Offering a similar argument, the plaintiffs in *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 18 OBR 122, 480 N.E.2d 82, attempted to challenge the methods by which the Ohio Department of Mental Retardation and Developmental Disabilities had recovered reimbursement of amounts previously paid on behalf of residents by the department to the facilities under state contracts for provision of their housing and care. The *Friedman* plaintiffs, who filed their complaint in common pleas court, sought class action certification, declaratory judgment in connection with the collection procedure, injunctive relief prohibiting the collection procedure and other necessary and proper relief. Id. at 85, 18 OBR 122, 480 N.E.2d 82. Holding that the plaintiffs sought more than declaratory relief, the case having been remanded by the appellate court for calculation of monetary damages, the Ohio Supreme Court dismissed it on the ground that the common pleas court lacked subject matter jurisdiction. In so holding, the court commented:

{¶ 13} "A major purpose of the Court of Claims Act was to centralize the filing and adjudication of all claims against the state. The Court of Claims was created to become the sole trial-level adjudicator of claims against the state, with the narrow exception that specific types of suits that the state subjected itself prior to 1975 could be tried elsewhere as if the defendant was a private party. To permit the court of common pleas to have jurisdiction over claims such as the one herein would contravene this purpose. For example, any party wishing to avoid the Court of Claims, for whatever reason, would simply have to attach a prayer for declaratory relief onto his request for monetary damages * * *. This type of 'forum-shopping' is not what was envisioned when the Court of Claims was established; rather, the exceptions to its exclusive jurisdiction should be strict and narrow." Id. at 87–88, 18 OBR 122, 480 N.E.2d 82.

{¶ 14} As was necessary for the court in *Friedman*, we must decide whether the trial court has concurrent jurisdiction over this cause or whether the Court of

Claims has exclusive subject matter jurisdiction. Id. at 87, 18 OBR 122, 480 N.E.2d 82. There is a presumption that a claim against the state should be filed in the Court of Claims unless the plaintiff demonstrates otherwise. *Santos v. Ohio Bur. of Workers' Comp.*, Cuyahoga App. No. 80353, 2002–Ohio–2731, at ¶ 15, 2002 WL 1265568. We must determine if the relief sought by appellants constitutes specific equitable relief or, by contrast, includes a claim for monetary damages. See *Keller*, supra, 124 Ohio App.3d at 303, 706 N.E.2d 28. If the redress sought by appellants includes monetary damages, the Court of Claims has exclusive jurisdiction over this cause, and the decision of the trial court must be affirmed. *Santos*, supra, at ¶ 17, and *Tiemann v. Univ. of Cincinnati* (1998), 127 Ohio App.3d 312, 319, 712 N.E.2d 1258.

{¶ 15} At times, creative pleading may obscure the conceptual line between damages for loss sustained and claims for a specific form of relief. See *Veda, Inc. v. United States Dept. of Air Force* (C.A.6, 1997), 111 F.3d 37, 39. Thus, we must look to the nature of the relief itself, because how appellants choose to characterize or phrase their claims is not dispositive of where the action is properly commenced. *Swaney*, supra. The prayer of appellants for "equitable recovery" does not in itself establish subject matter jurisdiction in respect to claims for the payment of interest on funds collected or withheld from them.

{¶ 16} The cases relied upon by appellants are among those decisions that distinguish between monetary damages and equitable relief. These decisions recognize that "while in many instances an award of money is an award of damages, '[o]ccasionally a money award is also a specie remedy.'" *Ohio Hosp. Assn.*, supra, 62 Ohio St.3d at 105, 579 N.E.2d 695, quoting *Bowen v. Massachusetts* (1988), 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749, and *Keller*, supra, 124 Ohio App.3d at 303, 706 N.E.2d 28, citing *Ohio Hosp. Assn.* Monetary damages are normally associated with compensation for previous damage or injury. *Veda*, supra, 111 F.3d at 41, fn. 2. They are a substitute for a specified loss. *Ohio Edison Co. v. Ohio Dept. of Transp.* (1993), 86 Ohio App.3d 189, 194, 620 N.E.2d 217. As stated in *Bowen*, supra, 484 U.S. at 893, 108 S.Ct. 2722, 101 L.Ed.2d 749:

{¶ 17} "Our cases have long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for the reinstatement of an employee with backpay, or for 'the recovery of specific property *or monies*, ejectment from land, or injunction * * *.'" Emphasis sic.

{¶ 18} A specific remedy that is properly construed as equitable in nature represents a particular privilege or entitlement and not a substitute for compensation. *Ohio Hosp. Assn.*, supra, 62 Ohio St.3d at 104–105, 579 N.E.2d 695. The relief sought is the very thing to which the claimant is entitled under the

statutory provision supporting the claim. *Henley Health Care; Keller,* supra, 124 Ohio App.3d at 304, 706 N.E.2d 28. A specific remedy, seeking reimbursement of the compensation allegedly denied, is not transformed into a claim for damages simply because it involves the payment of money. *Ohio Edison,* supra, 86 Ohio App.3d at 194, 620 N.E.2d 217. An equitable action for specific relief seeks recovery of specific property or monies. See *Judy v. Ohio Bur. of Motor Vehicles* (2001), Lucas App. No. L–01–1200, 2001 WL 1664295, appeal granted June 4, 2002 *Case Announcements, Judy v. Ohio Bur. of Motor Vehicles,* 95 Ohio St.3d 1478, 2002–Ohio–2496, 769 N.E.2d 395.

{¶ 19} The reimbursement of the overpayments collected from appellants or payment of the TTD compensation withheld from some of them presents a form of relief that merely requires a state agency to pay amounts it should have paid all along, clearly constituting equitable relief and not monetary damages. Had appellees not reimbursed appellants following the *Russell* decision, the trial court would clearly have had jurisdiction over a declaratory judgment action that sought repayment of the monies withheld or collected. *Keller,* supra, 124 Ohio App.3d at 304, 706 N.E.2d 28. However, appellants acknowledge that appellees paid those monies prior to the complaint in this case having been filed.

{¶ 20} Appellants urge nonetheless that interest on their money is an entitlement that arises from the equitable right to relief on the underlying claim and, in equity, is recoverable in addition to the underlying reimbursement so as to make them whole. This argument asks us to extend the meaning of such cases as *Ohio Hosp. Assn.* and *Henley,* supra, beyond the reach of these holdings. Neither involved the payment of any funds other than reimbursement of monies the plaintiffs alleged had been improperly withheld.[2]

{¶ 21} In *Keller,* by contrast, an action for compensation in the form of overtime wages not paid in accordance with the Federal Labor Standards Act, Section 201 et seq., Title 29, U.S.Code ("FLSA"), we found that compensation sought in the form of the overtime wages was "in the nature of an equitable action for specific relief for recovery of the actual compensation [the plaintiff] was allegedly denied by her employer." *Keller,* supra, 124 Ohio App.3d at 304, 706 N.E.2d 28. In reaching that conclusion, we followed the rationale of the *Bowen,*

---

2. In a later appeal from the judgment of the Court of Claims deciding the merits of the claims by Henley Health Care, this court reversed the trial court's decision without deciding an assignment of error that asked us to hold that the trial court erred in not finding appellant had a right to be fully reimbursed, with interest. That assignment of error was among those overruled as moot for the reason that we sustained other assignments of error as the basis of our reversal. This later appeal was remanded to the Court of Claims for trial "to determine the amounts wrongfully withheld from reimbursements." *Henley Health Care v. Ohio Bur. of Workers' Comp.* (1999), Franklin App. No. 98AP–922, 1999 WL 430706, discretionary appeal not allowed (1999), 87 Ohio St.3d 1452, 719 N.E.2d 968.

*Ohio Hosp. Assn.,* and *Ohio Edison Co.* decisions. Id. Still, we held that the Court of Claims had exclusive jurisdiction to hear the claims because Keller requested payment of liquidated damages in addition to reimbursement of the monies improperly withheld. We noted that under the FLSA, the payment of liquidated damages is not penal in nature, but similar to interest and constitutes substitute compensation for delay in payment of sums due under the act. *Keller,* 124 Ohio App.3d at 304–305, 706 N.E.2d 28. We held that the liquidated damages in *Keller* were in the nature of monetary damages against the state, a substitute for a particular loss—the delay in payment of overtime wages. We agreed with the reasoning of the Sixth Circuit Court of Appeals, which said:

{¶ 22} "While wage earners who are being unlawfully deprived of a minimum wage are borrowing money to sustain themselves, and paying interest, the non-complying employer, however innocent, is benefitting from his violations, since he has the use of his employee's money. Unless the delinquent employer is required to restore his employee to the position he would have been in had there been no violation, via an award of liquidated damages or interest on the back wage award, the employer will thereby have been unjustly enriched  * * *." *McClanahan v. Mathews* (C.A.6, 1971), 440 F.2d 320, 326.

{¶ 23} The court in *McClanahan* remanded the case with instructions to the trial court to award as damages either interest on the award of back pay from the date the claims accrued or liquidated damages in an amount at least equal to the amount of interest that would have been due. Id. The court commented that to award both liquidated damages and interest, although the purpose for either would be similar, is not proper because it is tantamount to awarding interest on interest. Id. at 325.

{¶ 24} We conclude that the claim for relief by appellants for the payment of interest on TTD compensation withheld from them or recovered as overpayments, but later reimbursed in accordance with *Russell,* is one for monetary damages. The payment of interest prayed for constitutes a substitute for a particular loss suffered by appellants. The payment of interest "is the almost universal measure of damages for mere delay of payment." *Midwest Properties Co. v. Renkel* (1930), 38 Ohio App. 503, 511, 176 N.E. 665, 10 Ohio Law Abs. 153, quoting Sutherland on Damages (4th Ed.), Section 286. The Ohio Supreme Court has characterized interest as being in the nature of monetary damages, stating that "it acts as compensation and serves ultimately to make the aggrieved party whole." *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 117, 652 N.E.2d 687. It " 'is allowed, not only on account of the loss which a creditor may * * * have sustained by being deprived of the use of his money, but on account of the gain being made from its use by the debtor.' "

*Hartmann v. Duffey,* 95 Ohio St.3d 456, 2002–Ohio–2486, at ¶ 12, 768 N.E.2d 1170.

{¶ 25}  In the context of this case, whether or not the claim by appellants for "recovery * * * representing interest on * * * [their] disgorged funds from the date of withholding until the date of ultimate payment" is a cognizable claim for relief is an issue that the trial court lacks subject matter jurisdiction to decide. See *State ex rel. Montrie Nursing Home, Inc. v. Creasy* (1983), 5 Ohio St.3d 124, 126–127, 5 OBR 258, 449 N.E.2d 763.  The question is within the exclusive jurisdiction of the Court of Claims to determine.  *State ex rel. Home Care Pharmacy, Inc. v. Creasy* (1981), 67 Ohio St.2d 342, 344, 21 O.O.3d 215, 423 N.E.2d 482.

{¶ 26}  Based upon the foregoing reasons, the sole error assigned by plaintiffs-appellants is overruled, and the judgment of the Franklin County Court of Common Pleas dismissing this cause for lack of subject matter jurisdiction is affirmed.

Judgment affirmed.

LAZARUS and KLATT, JJ., concur.