OPINION
{¶ 1} Plaintiff-appellant, Interim HealthCare of Columbus, Inc., appeals from a judgment of the Ohio Court of Claims dismissing plaintiff's complaint against defendant-appellee, State of Ohio Department of Administrative Services. Because the Court of Claims lacked jurisdiction over plaintiff's complaint seeking a declaratory judgment and statutory interest, we affirm. *Page 2 
 {¶ 2} The facts underlying plaintiff's appeal are undisputed. Plaintiff provided nursing home care to A.J., a minor child insured under the State of Ohio Self-Insured Health Insurance Plan through her father, an employee of the state of Ohio. Medical Mutual of Ohio served as the third-party administrator for the plan. A.J., who has since passed away, suffered from spina bifida, a medical condition that required various treatments, including administered oxygen and tube feedings. Seeking payment for care rendered to A.J., plaintiff initially filed nursing care claims for October 2002 through December 26, 2003. Medical Mutual denied the claims, determining they were not medically necessary. Subsequent independent external review determined the services were medically necessary, and payment was approved in August 2005.
 {¶ 3} Plaintiff later submitted additional claims for nursing care rendered from December 27, 2003 through July 2005. Although Medical Mutual denied some of the claims as untimely, it reviewed the claims for November 1, 2004 through July 28, 2005 and denied them as not medically necessary. In response, plaintiff contended the doctrine of equitable tolling and estoppel prevented Medical Mutual from denying any of the second set of claims as untimely. Plaintiff further asserted external review of the first set of claims controlled disposition of plaintiff's subsequent claims because the services provided were the same as the services earlier approved.
 {¶ 4} Rather than submit the second set of claims to external review, plaintiff filed a complaint in the Court of Claims seeking a declaratory judgment to interpret R.C. 3923.76(B)(3), which provides that a plan member "need not be afforded" an external review if the "member has previously been afforded an external review for the same denial of coverage, and no new clinical information has been submitted to the plan." *Page 3 
Plaintiff asserted R.C. 3923.76(B)(3) eliminates the need for an external review to determine the medical necessity of plaintiff's subsequent claims because the claims are the same as those earlier approved for the same underlying condition. Plaintiff also sought a preliminary injunction to restrain defendant from requiring plaintiff to submit to a second external review.
 {¶ 5} Defendant responded with a motion to dismiss pursuant to Civ. R. 12(B)(1), asserting plaintiff's complaint failed to state a claim within the subject matter jurisdiction of the Court of Claims. The court granted the motion to dismiss, rejecting plaintiff's argument under R.C. 3923.76. The court concluded plaintiff's remedy lay in the administrative external review process set forth in R.C. 3923.76 and, if necessary, in further appeal to the court of common pleas pursuant to R.C. Chapter 119. By judgment entry filed August 27, 2007, the court dismissed plaintiff's complaint.
 {¶ 6} Plaintiff appeals, assigning two errors:
 ASSIGNMENT OF ERROR NO. 1:
 The trial court erred when it erroneously dismissed Plaintiff-Appellant's Complaint for failure to pursue an administrative remedy of external review of denial of payment because of lack of medical necessity in a case where Plaintiff-Appellant had previously sought external review of denial of the same services (for an earlier time period) that external review had determined that those same services were medically necessary, and no new medical evidence was presented to justify the denial.
 ASSIGNMENT OF ERROR NO. 2:
 The trial court erred when, without discussion or explanation, it dismissed Plaintiff-Appellant's claim for statutory damages under Ohio Revised Code Section 3901.389, which requires a third-party payer to pay interest at the rate of eighteen percent (18%) per annum where there has been non-compliance with *Page 4 
the requirement under R.C. 3901.381, which requires that payments be timely made.
 {¶ 7} Because plaintiff's two assignments of error are interrelated, we address them jointly. When presented with a motion to dismiss for lack of subject matter jurisdiction pursuant to Civ. R. 12(B)(1), a trial court must determine "whether any cause of action cognizable by the forum has been raised in the complaint." PNP, Inc. v. Ohio Dept. of Job Family Servs., Franklin App. No. 04AP-1294, 2006-Ohio-1159, at ¶ 9, citing State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80. An appellate court reviews the grant of a Civ. R. 12(B)(1) motion to dismiss under the de novo standard. Id., citing Howard v. Supreme Court ofOhio, Franklin App. No. 04AP-1093, 2005-Ohio-2130.
 {¶ 8} Initially, we note the Court of Claims incorrectly treated this case as though it involved an administrative agency exercising its adjudicatory authority. The mischaracterization led the court to conclude plaintiff's remedy consists of completing the statutory external review process and then appealing any unfavorable result to the court of common pleas pursuant to R.C. 119.12. The external review process, however, is not an administrative proceeding, and defendant does not conduct the review. A separate company, through one of its medical doctors, undertakes the external review, the results of which determine not defendant's, but the third-party administrator's action on a claim.
 {¶ 9} Even if the third-party administrator be deemed an agent of defendant, defendant is not acting in its administrative capacity in this matter, but as an employer. Indeed, the process set forth under R.C. 3923.76 is identical to the process established in R.C. 3923.67, permitting external review of decisions private health care insurers make. Just as no state administrative activity occurs when a private sector provider seeks *Page 5 
external review of a decision of a private employer's health care administrator, no administrative action took place in this case when the third-party administrator found plaintiff's claims not to be medically necessary.
 {¶ 10} Moreover, the language of R.C. 119.12 demonstrates its inapplicability to the facts of this case. The statute gives to "[a]ny party adversely affected by any order of an agency" the right to appeal to the court of common pleas. The only role of defendant, the sole administrative agency involved, is that of an employer whose employee's provider challenged the decisions the employer's third-party health care administrator made. No "order of an agency" exists. Accordingly, as defendant properly conceded at oral argument, R.C. 119.12 does not apply in this context.
 {¶ 11} While the Court of Claims erred in concluding plaintiff's remedy lay in pursuing an external review and possible subsequent appeal pursuant to R.C. 119.12, its judgment must be affirmed if it is legally correct for a different reason. Arcadia Acres v. Ohio Dept. of Job Family Servs., Franklin App. No. 06AP-738, 2007-Ohio-6853, citingJoyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 96; Reynolds v.Budzik (1999), 134 Ohio App.3d 844, 846, fn. 3 (stating that "[w]hen a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial"). Thus, if for some other reason the Court of Claims lacks subject matter jurisdiction over plaintiff's claim, we must affirm the Court of Claims' judgment.
 {¶ 12} As a court of limited jurisdiction, the Court of Claims has jurisdiction over claims brought against the state as the result of the waiver of immunity contained in R.C. 2743.02. "R.C. 2743.02(A)(1) makes clear that the Court of Claims has jurisdiction to *Page 6 
render judgment only as to those complaints which, prior to the enactment of the Court of Claims Act, were precluded by state immunity. Thus, where the state has previously consented to be sued, the Court of Claims lacks jurisdiction." Stauffer v. Ohio Dept. of Transp. (1989),63 Ohio App.3d 248, 251. As a result, the Court of Claims generally lacks jurisdiction over declaratory judgment actions because, prior to the state's waiving immunity, parties were permitted to bring such actions against the state in the court of common pleas. Tiemann v. Univ. ofCincinnati (1998), 127 Ohio App.3d 312, 318, citing Racing Guild ofOhio, Local 304 v. State Racing Comm. (1986), 28 Ohio St.3d 317. The Court of Claims nonetheless has jurisdiction over declaratory judgment actions in limited circumstances.
 {¶ 13} Toward the end of allocating judicial resources wisely, R.C. 2743.03(A)(2) provides that when a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state arises out of the same circumstances giving rise to a civil action over which the Court of Claims otherwise would have jurisdiction, the Court of Claims has exclusive, original jurisdiction to hear and determine that claim. See Friedman v. Johnson (1985), 18 Ohio St.3d 85, 87. This court construed R.C. 2743.03(A)(2) in Upjohn Co. v. Ohio Dept. of HumanServ. (1991), 77 Ohio App.3d 827, holding that claims for declaratory and injunctive relief properly may be brought before the Court of Claims "only if (1) they arise out of the same circumstances as plaintiffs' claim for money damages, and (2) plaintiffs' claim for money damages is permitted by the state's waiver of immunity." Id. at 834. Thus, when a party seeks a declaratory judgment in addition to monetary damages, the R.C. 2743.02 waiver of immunity permits the Court of Claims to determine the declaratory judgment action with the claim for money damages. *Page 7 
 {¶ 14} Plaintiff's complaint seeks a declaratory judgment that it need not pursue external review of its claim in order to procure payment, a claim, standing alone, over which the Court of Claims lacks jurisdiction because declaratory judgment actions could be brought against the state prior to the state's waiving its immunity in R.C. 2743.02. The complaint, however, also alleges defendant failed to pay interest on plaintiff's claims as required by R.C. 3901.389 and seeks to recover the unpaid interest. The Court of Claims' jurisdiction over plaintiff's complaint thus resolves to whether plaintiff's claim for interest is a claim for money damages that plaintiff could not have pursued before the state waived its immunity. Upjohn Co., supra.
 {¶ 15} Not every claim for monetary relief constitutes "money damages." Even when the relief sought consists of the state's ultimately paying money, a cause of action will sound in equity if "money damages" is not the essence of the claim. Ohio Academy of Nursing Homes v. OhioDept. of Job Family Servs., 114 Ohio St.3d 14, 2007-Ohio-2620, at ¶ 15. Unlike a claim for money damages where a plaintiff recovers damages to compensate, or substitute, for a suffered loss, equitable remedies are not substitute remedies, but an attempt to give the plaintiff the very thing to which it was entitled. Santos v. Ohio Bur.of Workers' Comp., 101 Ohio St.3d 74, 2004-Ohio-28, at ¶ 14, citingOhio Hosp. Assn. v. Ohio Dept. of Human Serv. (1991), 62 Ohio St.3d 97. Such remedies represent a particular privilege or entitlement, rather than general substitute compensation. Keller v. Dailey (1997),124 Ohio App.3d 298, 304.
 {¶ 16} Consequently, a party seeks equitable relief when "[t]he relief sought is the very thing to which the claimant is entitled under the statutory provision supporting the claim." Zelenak v. Indus. Comm.,148 Ohio App.3d 589, 2002-Ohio-3887, at ¶ 18, citing *Page 8 Henley Health Care v. Ohio Bur. of Workers' Comp. (Feb. 23, 1995), Franklin App. No. 94APE08-1216, and Keller, supra. A specific remedy, seeking reimbursement of the compensation allegedly denied, is not transformed into a claim for damages simply because it involves the payment of money. Id., citing Ohio Edison Co. v. Ohio Dept. ofTransp. (1993), 86 Ohio App.3d 189, 194.
 {¶ 17} Cases in which a plaintiff claims a state agency has wrongfully collected certain funds are characterized generally as claims for equitable restitution. Morning View Care Center-Fulton v. Ohio Dept. ofJob Family Servs., Franklin App. No. 04AP-57, 2004-Ohio-6073, at ¶ 19. Similarly, a claim that seeks to require a state agency to pay amounts it should have paid all along is a claim for equitable relief, not monetary damages. Zelenak, supra, at ¶ 19. In contrast, restitution is treated as a legal, not equitable, remedy where a plaintiff cannot assert title or right to possession of particular property, but it nevertheless may be able to show just grounds for recovering money to compensate for some benefit the defendant has received from it.Morning View Care Center-Fulton, supra, at ¶ 20.
 {¶ 18} While Zelenak helps frame the issues in this case, it does not dispose of the issue before us, as it addresses interest payments in a different context. Zelenak held the Court of Claims has exclusive jurisdiction over a claim for non-statutory interest, or the loss of the use of money, arising out of money the state owed and incorrectly withheld. By contrast, plaintiff's demand for interest on the claims defendant already paid is a request for a specific remedy: plaintiff seeks the statutory interest to which it was entitled if defendant failed to make timely payments under the statute. That a favorable *Page 9 
determination would entitle plaintiff to recover money damages does not change the basic character of plaintiff's cause of action from a specific remedy to monetary damages.
 {¶ 19} In the final analysis, although plaintiff's success on its complaint will result in the state's paying plaintiff an award of money, plaintiff is not seeking money damages in this case. Instead, plaintiff is seeking payment it should have received pursuant to statute. Because the relief sought is not money damages, plaintiffs claim not only could be maintained in the common pleas court before the state waived immunity, but it fails to bring plaintiffs declaratory judgment action within the subject matter jurisdiction of the Court of Claims. Accordingly, the Court of Claims correctly found, albeit for the wrong reasons, that it lacked jurisdiction over this matter.
 {¶ 20} For the reasons stated, plaintiff's assignments of error are overruled, and the judgment of the Ohio Court of Claims dismissing plaintiffs complaint for lack of subject matter jurisdiction is affirmed.
Judgment affirmed.
 McGRATH, P.J., and SADLER, J., concur. *Page 1