[Cite as *Hull v. Charter One Bank*, 2013-Ohio-2101.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99308**

# DOROTHY L. HULL, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# CHARTER ONE BANK, N.A.

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No. 07 CVF 012587

**BEFORE:** Jones, J., Stewart, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 23, 2013

**ATTORNEYS FOR APPELLANT**

Brian Ruschel
925 Euclid Avenue
Suite 660
Cleveland, Ohio 44115

Robert S. Rybka
P.O. Box 16414
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEES**

Brett K. Bacon
Gregory R. Farkas
Frantz Ward, L.L.P.
127 Public Square
Suite 2500
Cleveland, Ohio 44114

LARRY A. JONES, SR., J.:

{¶1} Plaintiffs-appellants, Dorothy Hull and Dock Hull, initiated this action in the Cleveland Municipal Court against defendant-appellee Charter One Bank, N.A. The bank filed a motion to dismiss, which the Hulls opposed. The trial court granted the bank's motion and the Hulls now appeal. We affirm.

I. Facts

{¶2} The Hulls alleged in their complaint that Mary Chambers was the sole owner of a demand checking account with the bank. According to the Hulls, pursuant to an agreement with the bank, the account was payable to them as "payable-on-death beneficiaries" on Chambers's death. Chambers died, and the Hulls attempted to collect the sum; the bank refused.

{¶3} The Hulls alleged that based on the bank's misrepresentation to them that the account was not a payable-on-death account, they signed a release of the funds in the account to Chambers's estate. According to the Hulls, the bank failed to preserve or retain records relating to the account, which would have showed their interest in it.

{¶4} The Hulls sought an order demanding the bank to take several courses of action relative to "all of its depositors (and payable-on-death beneficiaries)" and "deposit accounts." They also sought an unspecified amount for compensatory and punitive damages, interest, costs, and attorney fees.

{¶5} The bank's motion to dismiss was made under Civ.R. 12(B)(1), for a lack of

subject matter jurisdiction. The trial court granted the bank's motion finding, in part, that the Hulls attempted to "bootstrap the alleged monetary damage claim to their true purpose of requesting equitable relief." The court also found that the Hulls made an "insignificant claim of breach of contract."

{¶6} The Hulls now present eight assignments of error, which collectively challenge the trial court's decision to grant the bank's motion to dismiss, and which we consider together.[1]

## II. Law and Analysis

### A. Standard of Review

{¶7} The bank's motion to dismiss was made under Civ.R. 12(B)(1), for lack of subject matter jurisdiction. In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. Subject matter jurisdiction involves "'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.'" *Id.*, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. An appellate court reviews de novo a trial court's order granting or denying a Civ.R. 12(B)(1) motion to dismiss. *Robinson* at *id.*, citing *Hudson v. Petrosurance*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12.

### B. The Bank's Motion

---

[1]The assignments of error are listed in the appendix.

{¶8} In its motion, the bank contended that it is "well settled that municipal courts do not have jurisdiction to award injunctive relief, particularly not the sweeping relief sought by Plaintiffs." According to the bank, the Hulls were "forum shopping." The bank offered the following evidence in support of its contention.

{¶9} The Hulls' attorney brought a different class action case against the bank in common pleas court.[2] The Hulls were named as plaintiffs in the putative class. This first case contained the same allegations as here relative to the bank's handling of payable-on-death accounts, but did not allege that the bank breached its contractual duties with the plaintiffs. Counsel dismissed the case without prejudice and, approximately one month later, filed this action in the Cleveland Municipal Court.

{¶10} The bank further presented evidence that after Chambers passed away, a case was commenced in probate court for the administration of her estate. The bank filed an interpleader complaint in that probate proceeding, in which it sought a determination as to the proper party or parties in interest to her account. During the course of the interpleader action, the Hulls executed a release of any personal claim to the funds in Chambers's account and the funds were therefore paid into Chambers's estate and distributed to her beneficiaries, which included the Hulls.

C. Municipal Court Jurisdiction

{¶11} Although there are statutory exceptions, it is well-established that a municipal court does not have subject matter jurisdiction over an action that is *principally*

---

[2]*Frances Ruschel v. Charter One Bank*, Cuyahoga C.P. No. CV 597402.

*equitable* in nature. *Bretton Ridge Homeowners Club v. DeAngelis*, 22 Ohio App.3d 65, 67-68, 488 N.E.2d 925 (8th Dist.1985).

{¶12} The Hulls contend that the municipal court had jurisdiction under R.C. 1901.18(A)(2), (3), and (6). Those sections provide as follows:

> (A) Except as otherwise provided in this division or section 1901.181 of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:
>
> * * *
>
> (2) In any action or proceeding at law for the recovery of money or personal property of which the court of common pleas has jurisdiction;
>
> (3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract;
>
> * * *
>
> (6) In any action or proceeding in the nature of interpleader.

{¶13} We consider each in turn. First, in considering the municipal court's jurisdiction under subsection (2), we note that not every claim seeking monetary relief is a claim for money damages. *See Interim Healthcare of Columbus, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 07AP-747, 2008-Ohio-2286, ¶ 15. Thus, even where a party seeks relief that will ultimately result in the payment of money, "a cause of action will sound in equity if 'money damages' is not the essence of the claim." *Id.*, citing *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 14,

2007-Ohio-2620, 867 N.E.2d 400, ¶ 15. For example, an equitable action for specific relief, "seeking reimbursement of the compensation allegedly denied, is not transformed into a claim for damages simply because it involves the payment of money." *Zelenak v. Indus. Comm.*, 148 Ohio App.3d 589, 2002-Ohio-3887, 774 N.E.2d 769, ¶ 18 (10th Dist.), citing *Ohio Edison Co. v. Ohio Dept. of Transp.*, 86 Ohio App.3d 189, 194, 620 N.E.2d 217 (10th Dist.1993).

{¶14} The Supreme Court of Ohio has distinguished monetary damages from equitable remedies as follows: "Unlike a claim for money damages where a plaintiff recovers damages to compensate, or substitute, for a suffered loss, equitable remedies are not substitute remedies, but an attempt to give the plaintiff the very thing to which it was entitled." *Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441, ¶ 14.

{¶15} Upon review, we find that, although the Hulls' complaint made a claim for monetary damages, the complaint sounded primarily in equity. Thus, R.C. 1901.18(A)(2) is not applicable. Moreover, because we find that the complaint primarily sought equitable relief, the issue of whether the complaint met the jurisdictional monetary requirement under R.C. 1901.17 is moot.

{¶16} Second, we consider the Hulls' complaint under subsection (3). The equitable jurisdiction of municipal courts is limited to that provided in this section, and such courts have jurisdiction to fully deal with all aspects and claims that may arise in actions at law based upon contract. *Blenheim Homes, Inc. v. Mathews*, 119 Ohio App.

44, 46, 196 N.E.2d 612 (10th Dist.1963).

**{¶17}** The Hulls' sole allegation of breach of contract was as follows: "Defendant violated its contractual, statutory, and other duties to Mary Chambers and the plaintiffs *by not retaining or preserving records related to the account*." (Emphasis added.) Complaint, ¶ 6. Thus, the Hulls never even alleged that the bank breached the purported payable-on-death account; rather, they contended that the "breach of contract" was a failure to properly preserve records, which, in fact, is a statutory violation. *See* R.C. 1109.69.

**{¶18}** Moreover, under Civ.R. 10(D)(1) the Hulls were required to attach a copy of the agreement or contract that established them as payable-on-death beneficiaries. Even assuming that the reason that they did not attach the documentation was because it was not in their possession and the bank did not retain a copy of it, Civ.R. 10(D)(1) requires that they specifically state that in their complaint, which they did not.[3]

**{¶19}** On this record, we agree with the trial court that the Hulls' allegation was an "insignificant claim of breach of contract in an attempt to avoid being dismissed from the municipal court."

**{¶20}** Third, we find R.C. 1901.18(A)(6) inapplicable. That section allows

---

[3]Civ.R. 10(D)(1) provides as follows: "When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."

municipal court jurisdiction for an interpleader action. Civ.R. 22 governs interpleader actions and provides: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." The Hulls did not file an interpleader action and the relief they sought was not in the nature of an interpleader action. Thus, R.C. 1901.18(A)(6) is wholly inapplicable.

{¶21} In light of the above, neither R.C. 1901.18(A)(2), (3), nor (6) conferred the municipal court with jurisdiction here.

{¶22} The Hulls also contend that jurisdiction was conferred on the municipal court under R.C. 1901.13(B). That section provides as follows:

> Whenever an action or proceeding is *properly* brought in a municipal court within Cuyahoga county, the court has jurisdiction to determine, preserve, and enforce all rights involved in the action or proceeding, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties.

(Emphasis added.)

{¶23} As stated above, the action was not properly brought in the municipal court. The court, therefore, did not have jurisdiction under R.C. 1901.13(B) to make equitable determinations. *See also* R.C. 1901.13(A) (stating that a municipal court has the power to take certain actions "[i]n any action or proceeding of which a municipal court has jurisdiction * * *."); *Rose v. Assoc. Discount Corp.*, 169 Ohio St. 321, 159 N.E.2d 459 (1959) (power of municipal court limited by first clause of R.C. 1901.13(A)).

{¶24} In sum, the proper jurisdiction over this matter rested with the probate

court.[4]   The Hulls signed a release to their "personal claim to the funds in [the] account" and agreed that the account would be "included in the Estate of Mary Chambers."   The bank filed an interpleader action in the probate court, seeking to determine who the proper beneficiaries of the proceeds of the account were.   The proceeds of the account were treated as an asset of the estate, the beneficiaries were determined, and distributions, including to the Hulls, were ordered.

{¶25} In light of the above, the trial court properly granted the bank's motion to dismiss.   The Hulls' eight assignments of error are overruled and the trial court's judgment is affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[4]R.C. 2101.24, governing the jurisdiction of probate court, provides that "[e]xcept as otherwise provided by law, the probate court has exclusive jurisdiction: * * * [t]o direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates."   R.C. 2101.24(A)(1)(c).

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

APPENDIX

ASSIGNMENTS OF ERROR

1. The trial court erred in dismissing appellants' lawsuit for lack of jurisdiction, because the trial court has subject-matter jurisdiction, in that the Ohio Revised Code provides the Cleveland Municipal Court with original subject-matter jurisdiction, because the complaint was filed in a municipal court within Cuyahoga County and requests compensatory damages, and nothing in the record shows that the amount claimed by any party or the value of any recovery sought exceeds $15,000 (exclusive of interest, damages for the detention of personal property, or costs accrued after commencement of the action).

2. The trial court erred in dismissing appellants' lawsuit for lack of jurisdiction based in part on its finding that the Hull plaintiffs are "attempt[ing] to bootstrap the alleged monetary damage claim to their true purpose of requesting equitable relief" when the opposite is true: they are seeking money, and have an ancillary request for injunctive relief.

3. The trial court erred in dismissing appellants' lawsuit for lack of jurisdiction, because the trial court has subject-matter jurisdiction, in that the Ohio Revised Code provides the Cleveland Municipal Court with original subject-matter jurisdiction here.

4.   The trial court erred in dismissing appellants' lawsuit for lack of jurisdiction, because the trial court has subject-matter jurisdiction, in that no other court or entity has exclusive subject-matter jurisdiction.

5.   The trial court erred in dismissing appellants' lawsuit for lack of jurisdiction based on the trial court's subjective belief that the dispute should instead be resolved by the Probate Court or Court of Common Pleas, in that R.C. 1901.13 gives the municipal court "jurisdiction to determine, preserve, and enforce all rights involved in the action or proceeding, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties."

6.   The trial court erred in dismissing appellants' lawsuit for lack of jurisdiction in reliance on *O'Shea v. Fayard*, 2003-Ohio-4330 (8th Dist.2003), *Schregardus v. Croucher*, 56 Ohio App.3d 174 (8th Dist.1989), and *Pappas v. T.V.C. Developers*, No. 61917 (8th Dist.1993), in that those cases do not mandate dismissal here.

7.   The trial court erred in dismissing appellants' lawsuit for lack of jurisdiction based in part on appellee's opinion that appellants are improperly trying to "forum shop" when it is appellee that is trying to forum shop — and no matter what, plaintiffs are allowed to "forum shop" without having their cases dismissed whenever a court does not like being chosen as the forum.

8.   The trial court erred in dismissing appellants' lawsuit for lack of jurisdiction based in part on the following wrong factual findings: (1) that the Hull plaintiffs were parties to an earlier lawsuit filed by another plaintiff in the Court of Common Pleas, Cuyahoga County, and (2) that the Hull plaintiffs "have been unsuccessful in each court that they have raised issues about this bank account" and "unsuccessful at the Court of Common Pleas," in that the Hulls never filed any earlier lawsuit on any of the issues in this case in any other forum.