JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiff-appellant Pietro Christino appeals from the trial court order that dismissed his putative class action filed against defendants-appellees the Administrator, Ohio Bureau of Workers' Compensation (BWC) and the State of Ohio.
 {¶ 2} In his sole assignment of error, appellant argues the trial court incorrectly concluded it lacked subject matter jurisdiction over his complaint. This court disagrees. Consequently, appellant's assignment is overruled, and the trial court's order of dismissal is affirmed.
 {¶ 3} Appellant filed his class action complaint in the Cuyahoga Court of Common Pleas in June, 2001. Therein, appellant alleged the BWC had granted to him permanent total disability (PTD) benefits in 1994, and that subsequently, after his attorney had "passed away," a BWC representative had negotiated a settlement agreement with appellant regarding the "present value" of his claim. Appellant alleged the payment made to him pursuant to this agreement had been improperly calculated based upon "unreliable and outdated life expectancy tables," and, therefore, he had not received the full actual value of his claim.
 {¶ 4} Appellant's complaint requested both representation and certification of two classes of PTD plaintiffs in the action, viz., those Ohioans who had been, and those who had not been, represented by attorneys during their settlement negotiations with the BWC. Appellant asserted causes of action for breach of fiduciary duty, fraud, unjust enrichment, and "violation of constitutional and statutory rights."
 {¶ 5} In his prayer for relief, appellant sought from the trial court "injunctive, equitable, and declaratory relief." He further requested "restitution to all Plaintiffs who have suffered losses as a result of the unlawful and inequitable conduct" of appellees, reinstatement "of the payment of PTD benefits to those recipients who settled their claims under false pretenses," and, in addition, an award of "attorney fees, litigation expenses, and court costs."
 {¶ 6} Appellees filed an answer that contained both denials of the pertinent allegations and affirmative defenses. Appellees listed among their defenses the trial court's lack of subject matter jurisdiction over the action.
 {¶ 7} In November, 2001 appellees filed a motion to dismiss the complaint. Appellees argued the complaint was one for money damages, and therefore, pursuant to R.C. 2743.02(A) and R.C. 2743.03(A), properly could be filed only in the Court of Claims. Appellees additionally argued that the trial court lacked authority to consider appellant's complaint pursuant to R.C. 4123.65(F), which prohibits administrative appeals of BWC settlement agreements.
 {¶ 8} Appellant filed a brief in opposition to the motion, contending the relief he sought was in the nature of "reimbursement" of money wrongfully withheld and was not an administrative appeal. Appellant asserted his action thus properly had been filed pursuant to R.C. 2743.03(A)(2).
 {¶ 9} The trial court initially denied appellees' motion to dismiss the complaint. However, following this court's decision in Santosv. Administrator, Bureau of Workers Compensation, Cuyahoga App. No. 80353, 2002-Ohio-2731 ("Santos"), appellees filed in the trial court a motion for reconsideration. In Santos, this court determined "that there is a presumption that a claim against the state should be filed [exclusively] in the Court of Claims," and found that a complaint that sought "the return of money from the state" fit within the presumption.
 {¶ 10} Appellant thereafter filed an opposition brief, seeking to preserve his objection to the possibility of the trial court's reversal of its original order.
 {¶ 11} Nevertheless, on July 22, 2002 the trial court granted appellees' motion for reconsideration. In its order, the trial court specified appellant's complaint was dismissed for lack of subject matter jurisdiction in accordance with Santos, since "civil suits for money damages against the State of Ohio" must be brought in the Court of Claims.
 {¶ 12} Appellant's appeal from the trial court's order presents only the following assignment of error for review:
 {¶ 13} "The trial court erred, as a matter of law, by dismissing this action on the grounds that only the Ohio Court of Claims held subject matter jurisdiction over the proceedings."
 {¶ 14} Appellant acknowledges that during the proceedings below, his counsel "advised" the trial court the Santos decision "required dismissal" of this case. Appellant further acknowledges in this appeal that this court must follow its own precedent; thus, the trial court's decision must be affirmed.
 {¶ 15} Appellant argues, however, that this court's decision inSantos was, on November 20, 2002, accepted for review by the Ohio Supreme Court. Santos v. Administrator, Bureau of Workers Comp.,97 Ohio St.3d 1459, 2002-Ohio-6248. Appellant asserts the supreme court eventually may reverse the holding of Santos; in that event, this court should reverse the trial court's decision and "reinstate" the instant case. Appellant's argument and assertion both are rejected.
 {¶ 16} Appellant has not filed a request for a stay of judgment in this case. App. R. 7; cf., Phillips v. Conrad (Dec. 20, 2002), Hamilton App. No. C 020302. Moreover, Santos is considered legal authority that deserves prevailing weight in this appellate district until the Ohio Supreme Court pronounces otherwise. Rep. R.4(B); see also, Zelenak v.Indus. Comm. of Ohio, 148 Ohio App.3d 589, 2002-Ohio-3887.
 {¶ 17} For the foregoing reasons, and since appellant concedes his assignment of error, the trial court's decision is affirmed.
It is ordered that Defendant-Appellees recover of Plaintiff-Appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and FRANK D. CELEBREZZE, JR., J. concur.